## CHICKASHA COTTON OIL CO. et al. v. CAGLE et al.

No. 23343. Opinion Filed March 14, 1933.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and P. K. Morrill, for respondents.

CULLISON, V. C. J. This is an original proceeding in this court to review an award of the State Industrial Commission made and entered on January 8, 1932, in favor of Joe C. Cagle, claimant.

The record in this case discloses that, on or about November 1, 1929, the claimant was working for the Chickasha Cotton Oil Company near Humphreys, Okla., in Jackson county; that claimant, while lifting a sack of cement on said date, received internal injuries to his right side, resulting in hemorrhage of the lungs; that claimant filed his claim with the State Industrial Commission on August 18, 1930. A hearing was had at Altus, Okla. on April 13, 1931, and pursuant thereto the Commission entered its order and award to the claimant on January 8, 1932.

Petitioners' argument for a reversal of said award is pitched upon the sole proposition that the evidence in the case shows that no notice of the alleged injury was given to the employer or its insurance carrier within the 30 days time prescribed by law, and that by reason thereof the rights of petitioners were prejudiced.

That portion of the award complained of recites that claimant's employer, through its authorized agents, had actual notice of the injury, and is not prejudiced by failure of claimant to file his claim within the statutory period allowed by law.

The question upon which this case turns is, whether or not the record contains sufficient competent testimony reasonably tending to sustain the finding of actual notice of the injury by the Commission, so as to excuse claimant's failure to give the statutory notice of the injury to petitioners within 30 days after the injury.

The testimony discloses that S. E. Shankles, in charge of the gin, and D. M. Maby, construction manager, were both present at the time of the injury, and saw claimant bleeding from the mouth. Mr. Shankles testified (R. 61) that he knew claimant was hurt, and that he carried claimant to the office.

The record discloses sufficient competent evidence reasonably tending to support the Commission's finding of fact that petitioners herein had actual notice of the injury, and were not prejudiced by claimant's failure to file his claim within the statutory period.

In view of this state of the record, the law as stated in Nash-Finch Co. v. Olen M. Harned, 141 Okla. 187, 284 P. 633, precludes petitioners.

The petition to vacate is denied, and the award affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, and OSBORN, JJ., concur. McNEILL, BAYLESS, BUSBY, and WELCH, JJ., absent.