## SKELLY OIL CO. v. HOPKINS et al.

No. 24563.   Nov. 14, 1933.

Rehearing Denied April 10, 1934.

W. P. Z German, Alvin F. Molony, Robert M. Turpin, and C. L. Swim, for petitioners.

Speakman & Speakman, for respondents.

OSBORN, J. This is an original action to review an award of the Industrial Commission in favor of W. F. Hopkins, hereinafter referred to as claimant, against the Skelly Oil Company, hereinafter referred to as petitioner.

Claimant was employed by petitioner as a pumper, and on September 13, 1930, a clutch broke and the handle struck claimant on the

lower jaw resulting in a broken jaw and the loss of 14 teeth. Petitioner furnished immediate medical attention and began payment of compensation for temporary total disability. Claimant returned to work on February 21, 1931, and worked to June 7, 1931, at which time he took a two weeks' vacation with pay, and then notified petitioner that he was unable to work further. He stated that he was afflicted with severe headaches and spells of dizziness and in his condition did not feel safe around machinery. Petitioner resumed payment of temporary total disability and tendered claimant further medical treatment. Said compensation was paid until August 29, 1932.

On March 7, 1933, after a hearing, the Commission found that claimant had sustained a permanent partial disability by reason of the accidental injury, and made an award therefor not to exceed 300 weeks, deducting therefrom 79 weeks and two days, being the period from February 21, 1931, to August 29, 1932, in which claimant worked and drew compensation; in other words, the said award to continue for a period not to exceed 220 weeks and four days, subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party interested.

Petitioner contends: First, that there is no competent evidence to sustain the finding by the Commission that the headaches complained of were caused by the accidental injury. In this connection it is apparent that petitioner used due diligence to ascertain, if possible, the cause of claimant's trouble. Claimant was examined by a number of medical men, including an eye specialist and neurologist, in an effort to determine the cause of his trouble. There was some refractive error in his eyes, but it was determined that the eye trouble would not account for his severe headaches and dizziness. None of the medical men who examined claimant and testified for petitioner were able to account for the cause of the trouble. One of them testified that he did not believe claimant had a headache. Dr. Fred Y. Cronk, a witness for petitioner, testified as follows:

"Q. Doctor, what is your opinion as to whether or not this man can do the character of work which he was doing before as a pumper in the oil field? A. I would have to qualify that a little in that I suggested that he do moderate work with the feeling that he hasn't been able to build himself back to his regular work in a very short time."

The claimant testified that prior to his injury he was in good health, and had never been bothered with headaches and dizziness. Dr. W. B. Davis, testifying for claimant, stated that since the injury, claimant was not the man he was prior thereto; that he was slower of speech and slower of action; and in addition to the subjective symptoms of severe headaches and dizzy spells, claimant had an extremely rapid blood circulation. In his opinion, the disability was caused by the accidental injury.

This action is controlled by the rule that this court will not review conflicting evidence and determine the weight and value thereof, and where the judgment and award are supported by competent evidence, the same will not be disturbed by this court on review. Nash-Finch Co. v. Harned, 141 Okla. 187, 284 P. 633; Chickasha Cotton Oil Co. v. Cagle, 162 Okla. 303, 19 P. (2d) 1076; and Sheehan Pipe Line Co. v. Cruncleton, 163 Okla. 205, 22 P. (2d) 112.

Petitioner contends that the Commission erred in computing the award. We have rechecked said computation and find no error therein.

Petitioner also assigns as error the refusal of the Commissioner, who sat in the trial of this cause, to permit further cross-examination of claimant's witness, Dr. W. B. Davis. The record discloses that the said witness was cross-examined by one of petitioner's attorneys, and thereafter by another. The cross-examination had proceeded to some length before the Commissioner refused said attorneys permission to proceed further. It does not appear that there was an abuse of discretion by the Commissioner, or that petitioner was thereby prevented from having a fair and impartial trial. Petitioner's attorneys contend that had they been allowed to further cross-examine the doctor, they would have induced him to change his testimony. The Commissioner evidently held a contrary view and was entirely within his province as the presiding officer at said hearing to discontinue the cross-examination on the ground of repetition, since petitioner's attorneys made no offer to submit inquiries to the doctor which had not already been answered.

It is noted that the Commission awarded a portion of the compensation due claimant to be paid to his attorneys as attorneys' fees and ordered that the attorneys pay the witness fees of the physician who testified for claimant. In the case of Willhoit v. Prairie Oil & Gas Co., 166 Okla. 108, 26 P. (2d)

406, this court condemned the practice of the Commission in ordering attorneys to pay witness fees out of the compensation awarded them by the Commission, and vacated such an order made by the Commission. The discussion of the court will not be reiterated herein, but simply referred to as controlling.

Therefore, that portion of the award of the Commission directing payment of the witness fees out of the attorneys' fees is hereby vacated. The award as to all other provisions is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS and WELCH, JJ., absent.