## MAGNOLIA PETROLEUM CO. v. RADER et al.

### No. 24794.   May 1, 1934.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

J. W. Dixon, for respondents.

CULLISON, V. C. J.   This is an original proceeding to review an award of the State Industrial Commission, rendered on May 24, 1933, in favor of James E. Rader, claimant herein. The Magnolia Petroleum Company, as petitioner in this court, seeks to review said award and contends that the same is contrary to law, and second:

"There is no competent evidence tending to support the findings of the Industrial Commission that the respondent, James E. Rader, has had a change in his condition since the original award made in this cause on the 21st day of May, 1929. That the testimony offered at the last hearing on the motion to reopen and award further compensation shows conclusively that the same was not instigated at the instance of the respondent. That the respondent was induced by other parties to reopen his case, and there was no change of condition for the worse at the time of the last hearing. As a matter of fact, respondent's condition had actually improved."

In our consideration of the second con-

tention of petitioner, wherein petitioner contends that there is no competent evidence to support the finding of the Commission, we find upon consideration of the record that there is some competent evidence in the record supporting the finding of the Commission. The evidence was conflicting and the Commission made its findings thereon.

Petitioner further contends that the respondent was induced by other parties to reopen his case, or that the case was worked up by other parties, not at the instance of claimant. This is a matter to be presented to the Board of Governors of the State Bar if petitioner desires to press the same.

With reference to petitioner's first contention, that the award is contrary to law, we observe that said award contains the following order:

"The Commission is further of the opinion, that 20 per cent. of said award, or the sum of $69.25, would be a fair and reasonable fee for claimant's attorney of record for legal services rendered in this cause, providing said attorney pay the witness fee of the doctors who testified for the claimant at the hearing of this case."

Under the provisions of said order the attorney is granted a certain attorney fee, and directed that out of said attorney fee he pay the medical experts who testified in said cause.

This question has been passed upon squarely by this court in the case of Willhoit v. Prairie Oil & Gas Co. et al., 166 Okla. 108, 26 P. (2d) 406:

"For the Commission, however, to direct that a lawyer pay a portion or all of the expense of a client's litigation is highly improper, and that portion of such order is void. It would not be sound policy to permit the Commission to order the mingling of attorney's fees and medical fees. It might lead to the encouraging of litigation, collusion, framing of evidence, and might tend to make a medical witness feel that his remuneration in the case would depend upon the result of the Commission's decision. Followed to its logical conclusion, such orders on the part of the Commission would tend to sanction, encourage, and ratify practices which ethical lawyers are not allowed to pursue. The Commission might be placed in the anomalous position of saying to the bar, in effect, that one scale of fees will be allowed where the lawyer himself furnishes the witnesses and another scale of fees where the claimant furnished them. Such procedure on the part of the Commission would be in direct conflict with the law enacted in Oklahoma creating a Board of Governors, advisory councils, and

disciplinary committees of the State Bar, and in vesting in them the power to adopt rules for the guidance of lawyers. Rule 44, relative to expenses of litigation, provides:

"'A lawyer may not properly agree with a client that the lawyer shall pay or bear the expenses of litigation; he may in good faith advance expenses as a matter of convenience but subject to reimbursement.'

"Rule 36, relative to division of fees, provides:

"'No division of fees for legal services is proper, except with another lawyer, based upon a division of service or responsibility. * * *'

"Rule 9, relative to disbarment, suspension, or other disciplinary actions, provides:

"'That he has divided or agreed to divide fees for legal services with anyone other than another attorney entitled to practice law, and if the fee is earned or received in a cause pending in court, then only with an attorney of record therein. * * *'"

Under the facts in the case at bar, Dr. O. A. Kirby, who was one of claimant's physicians that testified at said hearing, and who would be one of the physicians to be paid out of the attorney fee allowed the attorney in said cause, was the physician who went from Oklahoma City to claimant's home near Pawnee and examined claimant at the time a contract was procured with him to have his case reopened. The contract was procured by a person by the name of Robertson, who resided in Enid.

To permit the fees of the attorney to be divided with the physician who testified in said cause produces a very bad situation. The two physicians testifying for claimant estimated his disability at 75 per cent. and 80 per cent. total; while the physicians testifying for the other side placed the disability at not more than 10 per cent. Such divergence of estimates may be bona fide, but, if the attorney fee which is based upon the amount of recovery is to be divided with the doctors who testify in said case, there is a very bad incentive for a witness to aid in procuring a large judgment.

Under the authority of the decision of this court quoted, supra, and the principles of common justice and fairness, we hold: That that part of the order directing claimant's attorney to pay out of his fee to the medical experts, who testified for his client in said cause, be vacated in so far as it directs the attorney to pay the witnesses. This court cannot affirm an order which directs an attorney to do a thing which would be an offense.

The award of the Commission, as modified, is affirmed.

RILEY, C. J., and McNEILL, OSBORN, and BUSBY, JJ., concur.