## CORBIN v. WILKINSON.

No. 25936.   Oct. 15, 1935.

Rehearing Denied Dec. 10, 1935.

John C. Head and R. S. Howe, for plaintiff in error.

S. A. Wilkinson, in pro. per.

PER CURIAM. This action was filed by defendant in error against the plaintiff in error in the court of common pleas of Oklahoma county. We shall refer to the parties as they appeared in the trial court.

The petition was in two causes of action. In the first, the plaintiff prayed for judgment in the sum of $734.62, with interest, which sum the plaintiff alleged was due as a balance under a certain written contract which reads as follows:

"Whereas, on or about the 2nd day of February, 1931, while working for Baash-Ross Tool Company, V. R. Corbin's right eye was injured, which injury resulted in the total loss of said eye, and he desires to file a claim with the State Industrial Commission for the compensation provided by law in case of such injury. Now, therefore know all men that the said V. R. Corbin does this day employ S. A. Wilkinson, an attorney at law, to prepare and file said claim and to represent him in said matter before the said Commission and before the Supreme Court of this State, in case the said matter may be carried to said court by either party interested; and agrees to pay or allow said Wilkinson as his compensation for handling said claim, 25 per cent. of any and all amounts which may be realized by a judgment or an order of said Commission, and said Wilkinson has agreed to handle the said claim for said 25 per cent. of what may be recovered by any order or judgment of said Commission. Signed in duplicate this 16th day of November, 1931."

The contract is signed by the parties. The plaintiff alleged he filed the claim and prosecuted the same and secured an award for the defendant in the sum of $4,882.50 and that said amount was paid to the defendant. The plaintiff alleged, under the terms of said contract, that the defendant became bound and obliged to pay the plaintiff the sum of $1,220.62; that plaintiff had been paid as a credit the sum of $486, leaving a balance due and unpaid in the sum of $734.62, which balance the defendant had refused to pay. As a second cause of action, the plaintiff alleged he had advanced the sum of $25 to a physician who had testified in behalf of defendant before the Industrial Commission, and that the defendant had orally agreed to pay said plaintiff.

After certain motions and a demurrer were overruled, the defendant filed his answer in which he admitted the execution of the written contract, the filing of the claim before the Industrial Commission by plaintiff in behalf of defendant, and the award of the Industrial Commission in favor of defendant in the total sum of $4,882.50. The defendant alleged the Industrial Commission fixed the attorney fee for plaintiff in the sum of $486, which was deducted from the total sum awarded this defendant, and which sum of $486 was paid to plaintiff by the insurance carrier and accepted by plaintiff. The defendant further alleged the trial court had no jurisdiction over the subject-matter, that exclusive jurisdiction is in the Industrial Commission, and the order fixing the attorney fee is res adjudicata. As to the second cause of action, the defendant alleged the said sum of $25 which had been advanced by plaintiff was included in the order of the Industrial Commission fixing the attorney fee. Finally, as to the whole of the petition, the defendant alleged the plaintiff was estopped to assert there was a balance due by reason of having accepted the aforesaid payment of $486.

A jury was waived and the cause was tried to the court. The plaintiff testified the Industrial Commission fixed the attorney fee without any request or suggestion by any one and that the Industrial Commission knew nothing about the written contract. In regard to the $25 charge, the plaintiff testified he paid this sum to the doctor who examined the defendant's eye and who testified before the Industrial Commission and that the defendant orally agreed to reimburse him. The defendant testified it was his understanding he did not have to pay the

doctor's bill. The court found the plaintiff was entitled to recover one-fourth of the amount which defendant had recovered and received under the award of the Industrial Commission, it being one-fourth of $3,609, less $486, leaving a balance due the plaintiff under the written contract in the sum of $416.25, plus the $25 advanced to the doctor witness. Judgment for $441.25 was accordingly rendered. A motion for a new trial was overruled and an exception duly saved. The cause is now regularly in this court by petition in error and case-made.

At the threshold, we are met with a contention by plaintiff that no motion for a new trial was ever filed, and therefore there is nothing to review in this court, citing in support of his contention Douglass v. Insley (Kan.) 9 P. 475. The record discloses a motion for a new trial was dictated into the record by defendant and then overruled by the trial court.

Several errors are assigned in the petition in error and urged in the briefs. It is necessary to consider only one, that is, the judgment is contrary to law. Our statute (1931 O. S., sec. 13364; 1921 C. O. S. sec. 7298), in so far as applicable, reads:

"Claims for legal services in connection with any claim arising under this act * * * shall not be enforceable unless approved by the Commission. If so approved such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission."

The defendant cites, among others, the following authorities: Burch v. Slick, 167 Okla. 639, 31 P. (2d) 110. In that case the claimant appealed to this court both from the award and also from the order allowing attorney fees. It appears he was represented by the same counsel in this court as in the Industrial Commission. The contention was made that no claim was made and no evidence offered relative to any attorney fee. The order was vacated for the reason neither the Commission nor this court should require counsel to take the fee allowed by the Commission. That case is not in point. Carr v State Industrial Commission et al., 157 Okla. 140. 11 P. (2d) 134. In that case, the attorney for claimant was seeking to collect from the proceeds of an award 33 1/3 per cent. for attorney fees without the approval of the Commission. The Commission allowed the fee at 15 per cent. and an additional sum for expenses. From the order

allowing such fees, the attorney filed original proceedings in this court for review. This court denied the petition and enforced the foregoing statute. The question whether the attorney could enforce the payment of attorney fees in the courts was not involved in that case.

The plaintiff also cited Carr v. Industrial Commission, supra, and relies upon the following expression in the body of the decision:

"We think that the State Industrial Commission has no jurisdiction over the amount of attorney's fees which a claimant has contracted to pay to an attorney where the payment thereof is not required to be made from the proceeds of the award."

That expression is obiter dictum, for that question was in no way involved in that case. The attorney was holding the proceeds, or money, from the award and endeavoring to enforce the payment of his fees therefrom. Under our statutes (1921 C. O. S., sec. 803) the law of a case is stated in the syllabus. The syllabus does not contain the expression, and therefore this court did not intend to declare the law as stated in the expression. The reasoning of the court in the body of a decision is an aid to a correct interpretation of the law as announced in the syllabus.

In order to arrive at a proper solution of the question presented, we have made an independent investigation for the law applicable to the facts herein. We think it is apparent that the petition is a "claim for legal services * * * arising under" the Compensation Act, and that said claim "shall not be enforceable" in the courts "unless approved by the Commission." The fact is, the claim of the plaintiff alleged in his petition has not been approved by the Commission.

The New York statute is almost identical with our own. Matter of Fisch, 188 App. Div. 525, is in point. Fisch, a lawyer, entered into a contract of employment with his client for 50 per cent. of the award. Afterwards, the lawyer learned of the statute providing:

"Claims for legal services in connection with any claim arising under this chapter * * * shall not be enforceable unless approved by the Commission. If so approved, such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission." Laws N. Y. 1914, chap. 41, §24.

Thereupon, the lawyer informed his client

that he would proceed no further before the Industrial Commission unless he received some security or guaranty that he would receive the 50 per cent. agreed upon in the written contract. The client's brother then entered into a contract with the lawyer for the payment of the 50 per cent. and deposited $500 in order to guarantee the performance of the contract. An award was rendered for $864.90. The attorney's fee was fixed by the Commission at $150. Check for the attorney fee was delivered to the lawyer, but he refused to accept and brought suit on the contract with the brother. Judgment on the contract for the 50 per cent. of the award was entered in the trial court. Apparently, neither the client nor his brother appealed; but the Bar Association of the city of New York commenced proceedings in the nature of disbarment. In this proceeding, the New York Appellate Court said:

"We cannot approve a course of conduct which appears to us to be a palpable evasion of one of the great purposes of the act. If it be understood that the courts approve the action of an attorney in procuring a third party to agree to pay to him an amount equal to 50 per cent. of the recovery, it is quite obvious that that third party will in some way or other recover it from the workman, and so the workman will in the end be no better off in this regard than if this remedial legislation had not been passed. Members of the bar should honestly, straightforwardly and sincerely aid in the carrying out of this beneficent legislation, and if they are unwilling to do the work for the amount allowed by the Commission, they should stand aside and let others do it. We do not think that under the circumstances disclosed by this record, especially since it is the first case of the kind that has come before this court, we should discipline the respondent. We do think, however, it is our duty to warn the profession that we regard such conduct, or the use of any means which the wit of man may devise by which a larger amount of the recovery shall go to an attorney than that fixed by the Commission, as improper, unethical and deserving of disciplinary action. We think it clear that we ought to take this stand in support of this legislation, and that hereafter we shall act upon such offenses accordingly. With these words of warning the present proceeding is herewith dismissed."

In the syllabus the New York court held:

"Since one of the reasons for the passage of the Workmen's Compensation Law was to insure as large a return to the injured workman in compensation for injuries incurred in the course of his employment as possible, attorneys should not be permitted to evade the provision of section 24 of said law providing that 'claims for legal services in connection with any claim arising under this chapter * * * shall not be enforceable unless approved by the Commission'."

We adopt both the admonition and the law as thus declared. For a further discussion, see Schneider's Workmen's Compensation Law (2nd Ed.) sec. 573. The judgment on the first cause of action is reversed, with directions to dismiss the same. We think, under the statute, the trial court had no jurisdiction to enter the judgment.

In regard to the second cause of action and judgment for $25, Rule 14 of the Industrial Commission provides that such claims shall be presented to the respondent or insurence carrier and promptly paid. If contested, then such claims shall be presented to the Industrial Commission with objections showing payment is refused; and under section 13354, O. S. 1931, the Industrial Commission has the power to order the respondent or insurance carrier to pay such claims if found reasonable. It appears from the record that the plaintiff has made no effort to comply with either the rule or the statute; and for this reason the judgment for $25 is reversed. The defendant ought not to pay for the neglect of the plaintiff. On the other hand, the defendant cannot require the plaintiff to pay such a claim out of his attorney fee. Skelly Oil Co. v. Hopkins, 167 Okla. 642, 31 P. (2d) 105. The plaintiff ought to comply with the foregoing rule and statute. If, for any reason, after complying with the foregoing rule and statute, the claim cannot be collected from the respondent or insurance carrier, then plaintiff is entitled to a judgment against the defendant on the second cause of action. The judgment on the second cause of action is reversed, with directions to proceed in accordance with the views herein expressed.

The Compensation Act was passed for the special benefit of injured workmen. The Legislature intended the benefits of the act should flow to the injured workmen and their dependents, in order to afford them a living and prevent them from becoming public charges. Many provisions are contained in the act in order to accomplish this purpose. There can be no defense of contributory negligence or assumption of risk. Section 13352, O. S. 1931. Only willful injuries will prevent an award. Section 13351, O. S. 1931. Claims for compensation cannot be assigned by the injured workmen. Such claims are exempt from attachment and execution and all other remedies for the collection of debts. Section 13372, O. S. 1931, as amended

by laws 1933, c. 29, sec. 1. The Industrial Commission is the instrument through which the act functions. The Commission possesses administrative and quasi judicial powers. The powers of the Commission, to some extent, are fiduciary, that is, the relationship between the Commission and the injured workmen is analogous to the relationship between the federal government and its Indian wards. Discretion is given the Commission whether an award shall be paid in a lump sum or so much a week or a month. Section 13365, O. S. 1931, as amended by Laws 1933, c. 29, sec. 2. The Commission is even given the power to protect the injured workmen against their own improvident acts and also as against encroachments of their own doctors and lawyers. Section 13364, O. S. 1931. Whether lawyers receive just or unjust compensation for their services is entirely within the control of the Industrial Commission. Lawyers ought not to be required to donate their talents and their services. They are just as much entitled to justice and fair compensation at the hands of the Industrial Commission as the injured workmen themselves. Lawyers ought not to be required to pay expenses of the proceedings out of the attorney fee. They ought to be reimbursed for their own expenses and for the expenses necessarily advanced in behalf of their clients.

The Supreme Court acknowledges the aid of Attorneys A. L. Emery, C. M. Gordon, and Joe S. Eaton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Emery and approved by Mr. Gordon and Mr. Eaton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.