### PIONEER LEAD & ZINC CO. et al. v. KAUFFMAN et al.

No. 27036. Dec. 22, 1936.

Rehearing Denied Jan. 9, 1937.

Thomas H. Owen and Edgar Fenton, for petitioners.

Wm. M. Thomas and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding to review an award of the State Industrial Commission in which order payment for $50 as medical fee was made. Claimant had been awarded permanent partial disability on account of an accidental injury arising out of and in the course of his employment with petitioner. That order was dated January 21, 1932. On the 19th day of December, 1934, petitioner filed a motion to discontinue payments under this order and this application was denied. On the 14th day of December, 1935, a second motion to discontinue compensation was filed and the commission heard the motion on February 4, 1935, at which time claimant filed a motion to require petitioner to pay the medical expenses of Dr. J. P. McNaughton, who had been employed by the claimant for the purpose of examining claimant so that the physician could testify on the hearing. The commission allowed claimant $25 for the examination necessary to place the physician in a position to testify and $25 for testifying in the case.

We are of the opinion, and hold, that the award must be vacated. The sole question involved is whether, after an award has been entered and the employer seeks to vacate the award because the disability has ceased, the State Industrial Commission has jurisdiction to enter an order for the employer to pay the expenses of an examination for the claimant necessary to the determination of the continuing disability and an expert witness fee for the service of such expert witness at the hearing on the application to discontinue the compensation, where it does not appear that such medical service is rendered within 60 days after the accident or within such time as ordered within the discretion of the commission as provided by the statute.

Section 13354, O. S. 1931, provides that an employer shall promptly provide medical

and surgical and other attendance necessary for the treatment of an injured employee during 60 days after the injury, or such time in excess thereof as the commission may direct. If the employer fails to do this, the claimant may do so at the employer's expense. Certain other cases, such as hernia, are provided for in special instances. The directions of the statute are complete and definite in their terms. No statute has been pointed out in which the State Industrial Commission has the authority to order the employer to pay for expert medical advice incident to continuing a claim for disability, or testimony of the physicians on the hearing of such motion to discontinue an award for disability. No case has been called to our attention that has permitted such procedure. Claimant relies upon Corbin v. Wilkinson, 175 Okla. 247, 52 P. (2d) 45. We see nothing in that case to aid us as to the question here involved. There an action had been brought by the attorney against the claimant to recover on a contract for a per cent. of the amount claimant was awarded and certain medical fees advanced for a physician who testified on behalf of claimant. The three paragraphs of the syllabus of that case dealing with the action are as follows:

"Claims for legal services rendered the Industrial Commission in behalf of claimants shall be determined by the commission and paid in the manner fixed by the commission, and such claims cannot be enforced in the courts of this state by independent actions in the trial courts. Sec. 13364, Okla. Stats. 1931.

"Since one of the reasons for the passage of the Workmen's Compensation Act was to insure as large a return to the injured workmen in compensation for injuries incurred in the course of employment as possible, attorneys should not be permitted to evade the provisions of section 13364, O. S. 1931, providing that claims for legal services in connection with any claim arising under the act shall not be enforceable unless approved by the commission. Matter of Fisch, 188 App. Div. 525, 176 N. Y. S. 338.

"The Industrial Commission shall not direct attorneys to pay witness fees out of the attorney fees. Skelly Oil Co. v. Hopkins, 167 Okla. 642, 31 P. (2d) 105. Neither shall the commission direct the payment of doctors' bills or any other expenses out of the attorney fees. Attorneys are entitled to reimbursement for their own expenses and such expenses necessarily advanced in behalf of claimants."

A judgment for $416.25, or one-fourth of the amount claimant recovered, together with $25 advanced as witness fees. was reversed under the rule announced in the above syllabus.

We see nothing therein determinative of the principle herein involved. Claimant cites from that opinion as follows:

"In regard to the second cause of action and judgment for $25, Rule 14 of the Industrial Commission provides that such claims shall be presented to the respondent or insurance carrier and promptly paid. If contested, then such claims shall be presented to the Industrial Commission with objections showing payment is refused; and under section 13354, O. S. 1931, the Industrial Commission has the power to order the respondent or insurance carrier to pay such claims, if found reasonable. It appears from the record the plaintiff has made no effort to comply with either the rule or the statute; and for this reason the judgment for $25 is reversed."

That statement was not construing the power of the State Industrial Commission to allow a medical fee, but was made in an opinion denying recovery to the attorney for a claim for medical fees which had not been allowed by the commission. Our attention is called to the power of the commission under section 13364, O. S. 1931, regarding costs. We do not believe the terms of that statute permit the commission to enter an order such as was made in this case. This is no part of the costs covered by that statute. We are of the opinion that the statement made in Corbin v. Wilkinson, supra, with relation to the powers of the commission under rule 14 is not sufficient authority to allow such a claim as the one at bar. The commission cannot do by rule what the legislative enactment does not permit.

The award is vacated.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur. BAYLESS, WELCH, and CORN, JJ., absent.