### MARYLAND CASUALTY CO. v. SEIDENBACH.

#### No. 2507.

Circuit Court of Appeals, Tenth Circuit.

Oct. 27, 1942.

Rehearing Denied Dec. 30, 1942.

Second Petition for Rehearing Denied March 17, 1943.

Coleman Hayes, of Oklahoma City, Okl. (Ames, Monnet, Hayes & Brown, of Oklahoma City, Okl., on the brief), for appellant.

John Barry, of Oklahoma City, Okl. (Samuel A. Boorstin, of Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

On August 26, 1926, J. L. Seidenbach entered into a contract with J. W. Wilson for the construction of a building in Tulsa, Oklahoma, under which Wilson agreed to furnish all the materials and labor used in the performance of the contract. Wilson defaulted on his contract and Seidenbach took over the construction of the building and completed it.

Consolidated Cut Stone Company [1] contracted with Wilson to supply certain materials of the agreed value of $12,269.28. Wilson failed to pay the Stone Company for the materials furnished and it filed a lien claim in accordance with the lien statutes of Oklahoma. Other claimants also filed liens. The lien claims aggregated $58,261.25.

Sec. 10980, O.S.1931, 42 O.S.1941 § 147, provides that any person against whom a "mechanics' and materialmen's" lien is filed may at any time upon three days notice in writing to the claimant, discharge such lien by depositing with the court clerk in whose office such lien claim has been filed, the amount of such claim in cash and executing and filing with such clerk a good and sufficient bond conditioned that such per-

---

[1] Hereinafter called the Stone Company.

son will pay any reasonable attorney's fee and all court costs, and interest, that may be adjudged against him finally by any court of competent jurisdiction, in the event such claimant recovers judgment on such claim in the amount for which such claim is filed.

In order to discharge the building from the liens, Seidenbach deposited the amounts of the several lien claims with the clerk of the court and filed bonds in accordance with the provisions of § 10980, supra. To discharge the Stone Company's lien, Seidenbach deposited $12,269.28.

Lightfoot, a lien claimant, filed suit against Seidenbach, Wilson, the Stone Company, and other lien claimants in the District Court of Tulsa County, Oklahoma. On March 8, 1930, the District Court of Tulsa County awarded judgment in favor of the lien claimants and against Wilson. The amount awarded the Stone Company against Wilson was $16,355.18, which included interest and attorneys' fees. Seidenbach was allowed various credits, which included damages for delay, cost of completing the building, sums paid to laborers, and costs advanced by him in the lien suit. The total of these credits deducted from the contract price left $13,143.07 available for payment of lien claims. The aggregate of the lien claims allowed, including interest and attorneys' fees, was $67,501.10. The court directed the clerk to pay to the several lien claimants from the funds deposited by Seidenbach, amounts computed on the basis of 19.471 per cent of their respective claims, and to pay the balance of the deposits remaining to Seidenbach. The amount directed to be paid to the Stone Company was $3,184.46.

The Stone Company and other lien claimants appealed from the judgment to the Supreme Court of Oklahoma. Counsel for the Stone Company were uncertain whether a supersedeas bond was necessary to stay the disbursement of the balance in the deposits over and above the amounts awarded to the lien claimants. They, therefore, requested the court to fix the conditions and amount of a supersedeas bond. The court fixed the amount of the supersedeas bond of the Stone Company at $12,500 and fixed the condition of the bonds. Thereupon, the Stone Company, as principal, and the Maryland Casualty Company,[2] as surety, executed and filed a supersedeas bond in the sum of $12,500, conditioned as directed by the order of the court, for the

payment to Seidenbach of "all interest costs and damages suffered by * * * Seidenbach" from the staying of the judgment in case the judgment appealed from should be affirmed in whole or in part. Some of the remaining lien claimants filed supersedeas bonds. Others did not.

On appeal, the Supreme Court held that the lien claimants were not entitled to recover interest and attorneys' fees and reduced the amount of the lien claims to $57,-139.08.

It allowed Seidenbach the same credits deducted by the District Court except it eliminated the costs advanced in the lien suit by Seidenbach. This resulted in there being available to pay the lien claimants, $26,335.22. It directed distribution of the fund available for payment of lien claims on the basis of 46.0896 per cent of the lien claims respectively. Certain of the lien claimants had received payments on their claims. The Supreme Court directed that the payment received by each should be deducted from his proportionate share of the fund available to pay lien claimants. The Supreme Court further held that the lien claimants should be charged with their proportionate part of the costs advanced by Seidenbach. In the judgment on the mandate the District Court adjudged that the Stone Company's proportionate share of the fund was $5,655.30, and that its proportionate share of the costs advanced by Seidenbach was $4,511.82. It awarded the Stone Company a net recovery of $1,143.48. This amount was paid to attorneys for the Stone Company after judgment was entered on the mandate.

In its judgment on the mandate the District Court determined Seidenbach's net liability to all lien claimants to be $3,550.24. His net liability under the original judgment was $9,061.01.

Pending the appeal, and after the time fixed for filing supersedeas bonds had expired, the trial court directed the clerk to return to Seidenbach the amounts of the deposits made to discharge liens of claimants who had failed to file supersedeas bonds, in excess of the amounts awarded such lien claimants, respectively.

Seidenbach brought this action against the Casualty Company to recover interest on the difference between the amount of $12,269.28 deposited to discharge the lien of the Stone Company, and $3,184.46 orig-

---

2 Hereinafter called the Casualty Company.

**575**

inally awarded to the Stone Company, or on $9,084.82, from March 8, 1930. From a judgment in favor of Seidenbach, the Casualty Company has appealed.

The Supreme Court of Oklahoma in the eighth syllabus in Consolidated Cut Stone Co. v. Seidenbach, 181 Okl. 578, 75 P.2d 442, 444, said:

"Where a lien is established against the cash deposit made under section 10980, O.S. 1931, 42 Okl.St.Ann. § 147, to discharge the owner's property from such lien, a withdrawal of such cash deposit by the owner before the lien claim is finally adjudicated is unauthorized."

In Oklahoma the syllabus to an opinion constitutes the law of the case.[3]

In the opinion in Stone Company v. Seidenbach, supra, at page 460 of 75 P.2d, the court said:

"From our analysis of the statute, we believe that the order in the present case releasing certain of the deposits to the owner was unauthorized. * * * We think it obvious that the withdrawal of the deposits, where liens were established against them by the judgment of the trial court, was premature where the validity and extent of the liens had not been finally determined.

We conclude, therefore, that the proper order is that * * * Seidenbach, be directed to redeposit with the court clerk such sums as were withdrawn by him and are necessary to discharge the liens as established by the judgment of the trial court and affirmed by this court. And such is our order. Inasmuch as the withdrawal of the deposits was unauthorized as a matter of law, we think it proper for this court to make further order that, if the deposits are not returned as directed by this court, the liens against such withdrawn deposits be reinstated against the property of * * * Seidenbach."

█ Section 10980, supra, makes no provision for the payment to the owner of interest on the deposit in excess of the amount required to satisfy the lien as finally established. The Supreme Court in Consolidated Cut Stone Company v. Seidenbach, supra, held that Seidenbach was not entitled to a return of any part of the deposits until the validity and extent of the liens had been finally determined, and that it was not necessary for the lien claimants to give supersedeas bonds to stay the return

to Seidenbach of the excess in the respective deposits over the amounts awarded the lien claimants, respectively, by the District Court.

█ It follows that Seidenbach was not entitled to recover interest on that portion of the deposit made to discharge the lien of the Stone Company directed to be returned to Seidenbach by the judgment of the District Court of Tulsa County of March 8, 1930. The bond did not obligate the principal and surety to pay interest on that amount. It obligated them to pay any loss of interest suffered by Seidenbach. Since Seidenbach was not entitled to interest, he suffered no loss or damage and the condition of the bond was not breached.

We deem it unnecessary to consider other defenses urged in the trial court and here against Seidenbach's right to recover on the supersedeas bond.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of the Casualty Company.

---

[3] See § 551, O.S.1931, 12 O.S.1941, § 977; Corbin v. Wilkinson, 175 Okl. 247, 52 P.2d 45, 47.