SEIDENBACH v. PATTERSON STEEL CO. et al.

No. 33557. April 4, 1950.
Rehearing Denied Sept. 26, 1950.

*218 P. 2d 371.*

Miskovsky, Riley & Miskovsky and John Barry, all of Oklahoma City, for plaintiff in error.

Steele, Daugherty & Downey, of Tulsa, and Looney, Watts, Ross, Looney & Smith, of Oklahoma City, for defendants in error.

JOHNSON, J. The parties herein occupy the same positions as in the trial court, and hereafter they will be referred to as plaintiff and defendant, respectively.

The pertinent facts in this case are that on August 26, 1926, J. L. Seidenbach entered into a contract with J. W. Wilson for the construction of a building in Tulsa, Oklahoma, under which Wilson agreed to furnish all materials and labor used in the performance of the contract. Wilson defaulted on his contract, and Seidenbach took over the construction of said building and completed it.

The Patterson Steel Company contracted with Wilson, contractor, to furnish the reinforcing steel and mesh for the erection of the building for the sum of $7,650, and to furnish pans and ends for concrete forms for the building, and to set and remove same, for the sum of $3,000, and other items for which Patterson Steel Company filed a claim in the sum of $11,327.89. Wilson did not pay Patterson Steel Company's claim, and said company filed a lien claim as provided for by 42 O. S. A. §147. Liens were filed by other claimants.

42 O. S. A. §147 provides, in substance, that any person against whom a "mechanics' and materialmen's" lien is filed may at any time upon three days' notice in writing to the claimant, discharge such lien by depositing with the court clerk, in whose office such lien claim has been filed, the amount of such claim in cash and executing and filing with such clerk a good and sufficient bond conditioned that such person will pay any reasonable attorney's fee and all court costs and interest that may be adjudged against him finally by any court of competent jurisdiction, in the event such claimant recovers judgment on the claim in the amount for which such claim is filed.

To discharge the various lien claims filed against the building, Seidenbach deposited the amounts thereof with the clerk of the court and filed bonds in

618

accordance with the provisions of Title 42, sec. 147, supra.

Lightfoot, a lien claimant, filed suit against Seidenbach, Wilson, Patterson Steel Company, and other lien claimants in the district court of Tulsa county, Oklahoma. On March 8, 1930, said court awarded judgment in favor of several of the defendants, but denied any recovery to Patterson Steel Company. The aggregate of the lien claims allowed, including interest and attorneys' fees, was $67,501.10.

Patterson Steel Company with other lien claimants appealed from the judgment to this court, Consolidated Cut Stone Co. v. Seidenbach, 181 Okla. 578, 75 P. 2d 442. Counsel for Patterson Steel Company were uncertain whether a supersedeas bond was necessary to stay the disbursement of the deposit made by Seidenbach to discharge the lien, whereupon Patterson Steel Company and others requested the court to fix the conditions of supersedeas bonds. Thereupon, Patterson Steel Company, as principal, and A. B. Patterson and N. R. Patterson, as sureties, executed supersedeas bond in the sum of $6,450, as per order of the court, conditioned for the payment to Seidenbach of "all interest costs and damages suffered by . . . Seidenbach" from the staying of the judgment in case the judgment appealed from should be affirmed in whole or in part.

On appeal from the judgment of the trial court denying Patterson Steel Company a lien in any amount, this court, in Consolidated Cut Stone Co. v. Seidenbach, supra, reversed the trial court in part and affirmed it in part, leaving a balance due Patterson Steel Company, after legal deductions and undisputed credits were made, in the sum of $3,438.13.

Plaintiff brought this action against the defendants to recover interest at 6 per cent on the amount deposited by plaintiff to discharge the lien of defendant, Patterson Steel Company, from the date of the deposit until final discharge of the lien.

The material question for determination in this case is: Was the plaintiff entitled to interest?

Section 147, supra, makes no provision for the payment to owner of interest on deposit in excess of the amount required to satisfy the lien as finally established. In Consolidated Cut Stone Co. case, supra, this court held that Seidenbach was not entitled to a return of any part of the deposits until the validity and extent of the liens had been finally determined, and that it was not necessary for the lien claimants to give supersedeas bonds to stay the return to Seidenbach of the excess in the respective deposits over the amounts awarded the lien claimants, respectively, by the trial court. We see no reason why this rule should not apply to Patterson Steel Company's claim as finally established in Consolidated Cut Stone Company case, supra.

It follows that plaintiff, Seidenbach, is not entitled to recover interest on that portion of the deposit made to discharge the lien of the Patterson Steel Company. The bond did not obligate the principal and surety to pay interest on that amount. It obligated them to pay any loss of interest suffered by Seidenbach. Since Seidenbach was not entitled to interest, he suffered no loss or damage, and the condition of the bond was not breached. Maryland Casualty Co. v. Seidenbach, 133 F. 2d 573.

In view of what has been said, it is unnecessary to consider other objections to the rulings of the trial court.

The judgment is affirmed.