NOEL et al. v. KOZAK, Adm'x, et al.

No. 21514. Opinion Filed April 21, 1931.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

D. D. Brunson, E. W. Kemp, and Opal M. Ahrens, for respondents.

McNEILL, J. This is a original proceeding brought to review an award of the State Industrial Commission made and entered on June 16, 1930, for compensation in favor of Frank Kozak, now deceased. It appears that the respondent, Frank Kozak, was a coal miner employed by E. H. Noel at Coalgate, Okla., and was injured on the 25th of November, 1927, when he was hit by rock falling upon him. The nature and extent of his injury was that he had four ribs broken and was ruptured. He quit work on account of his injury on or about November 25, 1927.

Thereafter, on the 2nd day of August, 1928, respondent receipted for the sum of $605.85 on account of temporary total disability, which was approved by the Commission on August 23, 1928. On September 20, 1928, said respondent filed a motion before said Commission to review the award made on the 2nd day of August, 1928, stating in his motion as follows:

"There is no changed condition in my case. I am unable to work owing to injury received in M., K. & T. Co. Mine No. 21 on November 25, 1927. I will also state that my condition is worse than at any time since I was injured."

This hearing was set by the Commission on motion of respondent after reviewing the testimony taken that there was no change in condition in reference to respondent within the meaning of the Workmen's Compensation Law; that claimant was not entitled to other and further compensation for injury sustained on November 25, 1927, arising out of or in the course of his employment with E. H. Noel. The motion of the claimant to reopen the case and award further compensation was denied, and the case dismissed.

On November 11, 1929, said respondent, through his attorney, filed a motion for rehearing, stating therein:

"* * * That because of injury above mentioned and referred to, this claimant is still unable to perform any manual labor, and, for the above reason, this claimant asks an opportunity to submit to the court evidence showing the condition of claimant."

Thereafter, on the 21st of March, 1930, the Commission filed notice of hearing to all parties in said matter to be heard on April 2, 1930, at Coalgate, Okla., on the motion of claimant to reopen said cause and award further compensation, at which hearing the claimant appeared in person and by his attorney. At this hearing, evidence was taken and the case was continued for a subsequent hearing at Tulsa, Okla., for the taking of further testimony, which matter came on for hearing on the 11th day of June, 1930. It appears at this time, the respondent was not present, being confined at the Breco Hospital, at Ada, Okla., but was represented by his attorney. A part of said order and award of the Commission made and entered on the 16th day of June, 1930, reads, as follows:

"Having received the testimony taken at said hearings, examined all records on file in said cause, and being otherwise well and sufficiently advised in the premises, the Commission finds:

"That claimant herein, on and prior to November 25, 1927, was in the employment of E. H. Noel, and engaged in a hazardous occupation within and covered by the provisions of the Workmen's Compensation Law, to wit, coal mining.

"On November 25, 1927, arising out of and in the course of his employment with this respondent, claimant herein sustained an accidental personal injury, which resulted in his temporary, total disability, for which he has heretofore been paid $605.08, as evidenced by stipulation and receipt filed with the Commission on August 22, 1928.

"That the average wage of claimant at the time of his injury was $6 per day.

"The Commission further finds:

"That claimant has suffered, as a further result of the aforesaid accidental injury, a total disability from the 11th day of November, 1929, to this date, * * *" and the Commission further found:

"That claimant is in need of further medical attention at this time."

The record shows that the respondent was, on and prior to the 25th day of November, 1927, in the employ of E. H. Noel and engaged in a hazardous occupation within the meaning of the Workmen's Compensation Law; that on said date he was a coal miner,

received an accidental personal injury arising out of and in the course of his employment, which resulted, as found by the Commission, in respondent's temporary total disability, for which he was paid the sum of $605.08, approved by the Commission on August 22, 1928. From the evidence adduced at the hearings at Coalgate and Tulsa, the Commission found on June 16, 1930, that respondent suffered as a further result of said accidental injury a total disability from the 11th of November, 1929, to June 16, 1930, and determined the issues in favor of respondent and made and entered its award accordingly. In its first award the Commission had found that said respondent received temporary total disability as evidenced by stipulation and receipt filed with the Commission, on August 22, 1928; that on December, 1928, respondent was not entitled to further compensation, and in the last award made on the 16th day of June, 1930, said Commission found that as a result of said accidental personal injury claimant's condition had changed to permanent total disability. In other words, there was a change from temporary total disability to that of permanent total disability.

Section 7325, C. O. S. 1921, provides as follows:

"The power and jurisdiction of the Commission over each case shall be continuing, and it may from time to time make such modifications or changes with respect to former findings or orders relating thereto, if, in its opinion, it may be justified, including the right to require physical examination as provided for in section 7293, and subject to the same penalties for refusal."

Section 7296, in part, provides as follows:

"Review of Awards: Upon its own motion, or upon the application of any party in interest on the ground of change in conditions, the Commission may, at any time, review any award, and on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award."

Section 7294, in part, also provides:

"Upon a hearing pursuant to this section, either party may present evidence, and be represented by counsel. The decision of the Commission shall be final as to all questions of fact."

In the case of Lane & Wasson Co. v. Wright, 126 Okla. 53, 258 Pac. 728, the syllabus is as follows:

"Where the Industrial Commission has

made an award to a claimant for temporary injuries, and it later develops that instead of injuries being temporary, the same have become permanent, thereby lessening the ability of the claimant to perform labor in the future, the Industrial Commission is authorized under section 7296, C. O. S. 1921, to review its award and increase the compensation previously awarded, limited, however, to the maximum rate of compensation fixed by statute for such class of injuries."

And in the body of the opinion, it is stated as follows:

"The petitioners in this court contend that the Commission was without authority to review its former award in said cause.

"Section 7296, C. O. S. 1921, provides: (supra) * * *

"The petitioners here contend that the proceedings before the Commission, which resulted in an award on August 27, 1926, were not based on a change of conditions, but were, in fact, a rehearing of the award made on the 11th day of February, 1926.

"We do not think the record supports this view. * * * Where the circumstances of the case are such that a finding is had that the injuries to a claimant are only temporary and compensation is allowed on this basis, and later it develops that the injuries are permanent, it would be very unjust to deny compensation to the extent of the injuries suffered as measured by the rate of compensation fixed by statute."

In the case of Prairie Oil & Gas Co. v. King, 109 Okla. 213, 235 Pac. 522, the first paragraph of the syllabus of the opinion reads as follows:

"Under section 7296, Comp. St. 1921, the jurisdiction of the State Industrial Commission to review its award is not dependent upon the form or substance of the application for such review, since, by statute, it may review its awards on its own motion."

It was contended in this case that the Commission had no jurisdiction to review its award, for the reason that the claimant's motion did not allege sufficient facts to invoke the jurisdiction of the Commission to review, but this court decided that the Commission had a continuing jurisdiction, and that it did not take a motion of the claimant or any other pleadings on his part as the Commission already had jurisdiction, and that no pleading whatever is necessary on behalf of the claimant to invoke the jurisdiction of the Commission, and that the right and power of the Commission to review its awards does not depend on the form or substance of the application of the claimant.

In the case of United States Zinc Co. v.

Little, 109 Okla. 214, 235 Pac. 523, the syllabus reads as follows:

"The decision of the Industrial Commission is conclusive and final as to questions of fact, except when there is absolutely no legal evidence to support such decision, when the same may be reviewed as a matter of law."

In the case of Ohio Drilling Co. v. State Industrial Commission, 86 Okla. 139, 207 Pac. 314, syllabus paragraph 2 is as follows.

"By the provisions of section 10 of article 2 of the Workmen's Compensation Law (chapter 246, Session Laws 1915), the decision of the State Industrial Commission is made final as to all questions of fact, and on appeal to this court from an award of the Industrial Commission, the court is without jurisdiction to weigh the evidence for the purpose of determining whether the same preponderates in favor or against the findings of fact made by the Industrial Commission."

In the case of Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 Pac. 63, the second paragraph of the syllabus is as follows:

"The decision of the Industrial Commission is final as to all questions of fact, if there is any competent evidence to support it, and the Supreme Court is not authorized to weigh the evidence upon which a finding of fact is based, and will consider that evidence only for the purpose of determining whether or not there is any competent evidence to support the finding of fact."

In the case of Marland Production Co. v. Hogan, 146 Okla. 220, 294 Pac. 115, wherein the respondent was injured on June 15, 1929, and having on the 11th day of July, 1929, entered into a stipulation and receipt to take a certain sum as compensation for his injuries, said respondent, thereafter, on September 3, 1929, filed a motion to take further testimony and asked an award for further compensation. The court, in its syllabus, states as follows:

"1. When sections 7296, 7297, and 7325, C. O. S. 1921, are considered together, it must be held that it was the legislative intent that the Commission have a continuing power and jurisdiction to review its award on the ground of a change in conditions only, and except for a change in conditions, the award is final and conclusive upon all questions within its jurisdiction unless suit is commenced in this court within 30 days to review the award or decision.

"2. Whether or not the claimant's condition is due to the injury of which he complains, and whether or not the injury is permanent, are questions of fact, and the finding of the Industrial Commission will not be disturbed by this court if there is any competent evidence to support it."

In the body of the opinion, the court stated as follows:

"It is the contention that form 7, when filed and approved by the Commission, or when filed and no notice is given of the Commission's disapproval within ten days from the filing thereof, has the same force and effect as an order or award of the Commission, and can only be set aside and further compensation awarded after the 30-day period for review has expired on the ground of a change of condition. This court has held that an agreement by the employer and employee as to the facts with relation to the injury and approved by the Commission under section 7294, O. O. S. 1921, under which agreement the employee has received a reasonable sum, is not a release of liability for the injury sustained, but is the basis of the award of the Commission. The respondent in his brief admits that this is the law, as announced by the court in several adjudications. The petitioners challenge the jurisdiction of the Commission to reopen the case. In reference to its jurisdiction in this particular, sections 7296, 7297, and 7325, in part, provide. * * *

"In reference to these three sections this court, in the case of Bedford-Carthage Stone Co. v. Industrial Commission of Oklahoma, 119 Okla. 231, 249 Pac. 706, said:

"'When sections 7296, 7297, and 7325 are considered together, it must be held, we think, that it was the legislative intent that the Commission have a continuing power and jurisdiction to review its award on the ground of a change in conditions only, and, except for a change in conditions only, the award is final and conclusive upon all questions within its jurisdiction unless suit is commenced in this court within 30 days to review the award or decisions.'

"The respondents and the State Industrial Commission contend that the evidence shows a change in condition. The statute providing that the Commission may review an award at any time on the ground of change of condition should be liberally construed in the interest of the employee, and authorizes the Commission to take into consideration all of the conditions which may in any way have a direct bearing on the rights of the injured employee. * * *

"The evidence in the case at bar shows that about a month after the respondent received the injury and after the settlement had been made, he was discharged because of the condition of his eyes. The evidence discloses that he was blind in one eye and 80 per cent. of the vision lost in the other, and that before the accident his eyesight was good. The first award, of course, was on the theory that the injury was temporary. At a later hearing, it was shown that it was a permanent injury. We think this record was

sufficient to justify the Commission in reopening the cause and awarding further compensation on the ground that there was a change in condition. * * *

"The respondent contends that there is no competent evidence to support the findings of the Commission. The question of whether or not the claimant's condition is due to the injury of which he complains, and whether or not the injuries are permanent, are questions of fact, and the finding of the Industrial Commission will not be disturbed by this court if there is any competent evidence to support it. * * *

"It is difficult to make any set of rules that apply to every case. Each individual case must be determined upon its own peculiar facts and circumstances. The law must be given a liberal construction in order that it may serve its purpose. We think, under all the facts of this case, the petition to vacate the award should be denied."

Stress has been made by petitioners in their brief that the doctrine of res adjudicata is applicable in this case; that, by reason of the fact the Commission found, on December 17, 1928, respondent was not entitled to any further compensation on account of change in condition, and no appeal having been taken therefrom, said order of the Commission became final, and that the Commission was without authority thereafter to reopen said matter.

The matter settled by the Commission was that, at the time of the second hearing on December 17, 1928, there was no change in condition of the respondent to justify a further compensation at that time. There was no finding that respondent would not need any further physical examination in the future, or that he could not be later classified by reason of change in condition from the temporary total disability to the permanent total disability class.

In the case at bar, the respondent, after the Industrial Commission found at the time of the hearing on his motion requesting further compensation that he was not entitled to further compensation by reason of changed condition resulting from the original injury, filed a subsequent motion for further compensation by reason of his changed condition. The plain provisions of the statute, section 7325, provides:

'That the power and jurisdiction * * * over each case shall be continuing, and it may from time to time make such modification or changes with respect to former findings or orders relating thereto, if, in its opinion, it may be justified, including the right to require physical examination. * * *'"

The language is clear and unambiguous and it cannot be contended that the Commission did not have the right and authority under the provisions of the act to conduct a further hearing to ascertain whether or not there was a change in condition in respect to the original injury as it affected the respondent, even though the Commission may have found, and did find, at the hearing of December 17, 1928, that the respondent was not entitled at that time to any further compensation by reason of a change in condition. It did not preclude the Commission to hold a subsequent hearing in respect to making such modification or change with respect to its finding in its former original order relating thereto, if, in its opinion, it was justified in doing so. We do not hold that the Commission was trying the same question of fact at the last hearing, on December 17, 1928, which was determined at the hearing when it rendered its award for temporary total disability. The fact that there was no change in the condition of the respondent at the time in December 17, 1928, in reference to his original injury, does not warrant this court in establishing or finding that there was not a change in condition of respondent at the time of the last hearing. The hearing on December 17, 1928, was in reference to whether there was any change in condition at that time of respondent; that is, of course, some substantial change in condition. The Commission did not find, nor was it called upon to make a finding, that there would thereafter be, or not be, a change in condition of respondent in respect to the original injury received. Medical science is not so exacting and might experience some difficulty in attempting to determine this question with mathematical certainty. There is competent evidence reasonably tending to support the finding of the Commission that the condition of the respondent was changed by reason of the original injury received by said respondent, and, in view of the foregoing authorities, we do not feel that the Commission should be deprived in the case at bar of its jurisdiction in determining whether or not its former findings or order should be modified, if, in its opinion, it was just and proper to do so, as it so found, especially where it did not, and could not, involve the same identical subject-matter during the time within which the same was considered.

In the case at bar, the Commission found that the respondent was entitled to further medical treatment, and that the respondent's condition had changed from temporary total disability to permanent total disability, from the 11th day of November, 1929, to the

date of the last hearing, to wit, the 16th day of June, 1930.

The petition to vacate award is denied.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, CULLISON, ANDREWS, and KORNEGAY, JJ., concur.