**STANOLIND PIPE LINE CO. v. GIDDENS et al.**

No. 26805. March 31, 1936.

Rehearing Denied June 2, 1936.

Clay Tallman and T. W. Arrington, for petitioner.

Frantz C. Conrad and Robert D. Crowe, for respondents.

CORN, J. This is an original action filed in this court by the petitioner to review an award made by the Industrial Commission in favor of Beecher Giddens, claimant, wherein the commission found that he had suffered a change of condition subsequent to a prior order, that he had become permanently and totally disabled and was entitled to additional compensation for 197 weeks and 4 days.

There were three different orders made in this case. The petitioner voluntarily paid claimant compensation for temporary total disability in the sum of $35.18. A hearing was had to determine the extent of claimant's permanent disability, and he testified at the hearing that he was stepping backwards down a ladder and fell four or five feet into an open conduit, striking his back and causing certain injuries thereto; that he was treated at the Patterson Hospital in Duncan; that his back was stiff and sore and that he could not do anything without straining it; that he had not attempted to do any heavy work, but was able to do some light work.

Dr. Margo testified at that hearing for the petitioner, and found that claimant had some trouble with his back at that time which caused pain or discomfort about the mid part of the dorsal spine.

Dr. Caraker testified for claimant that he examined him on May 31, 1932, and found an injury to claimant's back which, in his opinion, was caused by the accident.

Dr. Patterson testified that he examined the claimant in January, 1932, and found an injury to his spinal column which was caused by the accident and that in his opinion claimant was disabled 60 or 75 per cent.

The commission made an award on September 30, 1932, allowing the claimant compensation under the "other cases" clause of the act at the rate of $8 a week not to exceed 300 weeks. The petitioner paid, under this award, the sum of $350, or compensation for 43 weeks and 5 days. The award became final and neither party appealed therefrom. Thereafter, on February 17, 1933, the commission made another award approving an agreement on form 14 wherein compensation

was decreased and claimant was allowed compensation for 150 weeks at $8 per week on account of permanent partial disability, $800 of which was to be paid in cash and the balance at the rate of $50 per month. .

In March, 1935, claimant, feeling that he had suffered a change of condition, filed his motion to reopen and prayed that he be awarded additional compensation. Attached to this motion were the affidavits of Drs. Lindley and Patterson. Dr. Lindley stated that, based upon a recent examination, the disability was probably total and certainly permanent. Dr. Patterson stated that claimant had more pain with less motion than at any previous examination. This motion came on for hearing in due time and two doctors testified for the claimant.

Dr. Slaughter testified that he was an osteopathic physician and surgeon, having graduated from the Kirkville College of Osteopathy; that he examined the claimant in the early part of 1935; that he made a diagnosis of arthritis from an injury. that claimant's back was practically immovable; that he had only 5 per cent. of his normal range of motion; that traumatic arthritis is progressive; that from his examination and history of the case, in his opinion the cause of the claimant's present disability was the fall from the ladder; that he was disabled from doing ordinary manual labor; that the condition was permanent and that claimant was permanently totally disabled; that he examined an X-ray taken on January 20, 1932, of claimant's back and one which he had taken in connection with his examination in 1935, and that from a comparison of these two X-rays, together with the examination which he made, claimant had suffered a change of condition; that whereas in 1932 there was arthritis, in the later picture his back was stiff and practically immovable all the way up and down due to progression of the disease; that there had been a thinning down of the intervertebral disks.

Dr. E. C. Lindley testified that he examined the claimant during the latter half of 1932 following an injury which he received to his back; that he made a general physical examination at that time and had X-ray pictures made of the spine; that he has examined him several times since 1932 and has observed a steadily progressive difference. and that in his judgment claimant was much worse in March, 1935. He then testified as follows:

"Q. In your opinion, based on your various examinations of the claimant and the history which he gave you, what is the cause of his present disability? A. Atrophic traumatic spondalytis. Q. Was that caused from the injury which he received to his back? A. Yes, sir. Q. Doctor, what in your opinion is the extent and nature of his disability at the present time with reference to his being able to do ordinary manual labor? A. I think that he is totally unable to do ordinary manual labor and to the best of my knowledge from observation and from my experience, permanently so. Q. Doctor, what is the nature of traumatic arthritis with reference to its being progressive or static? A. It may be static or progressive. Often it is progressive with destruction of the bony elements of the bone and a deposit of calcium or bone in the soft tissues which causes immobility. Q. State whether or not the claimant's condition has been progressive? A. It has. Q. Your testimony then would be that it is progressive and has become much worse than it was in 1933? A. It has."

The claimant testified that his back had become much stiffer since the prior award; that his condition grew much worse after October 15, 1933; that prior to that date he had been able to do some light work, but that his back had become so stiff and painful that he was unable to do any kind of manual labor whatever.

The commission made an award, as heretofore stated, on November 4, 1935, wherein it found that the claimant had suffered a change of condition since the former award was made; that he was now permanently totally disabled; and that after deducting 300 weeks for the award under the "other cases" clause and two weeks and two days for temporary total disability from 500 weeks, the claimant was entitled to compensation for 197 weeks and 4 days, being the difference. It is from this order that petitioner has appealed.

The first contention of petitioner is that there is no competent evidence to support the award, for the reason that all of claimant's medical testimony consists of the depositions of two doctors and that the commission erroneously overruled his oral exceptions to the admissibility of the depositions.

In petitioner's brief it is stated:

"When the deposition in this case was offered as evidence, it was found that it had been previously opened and had not been kept under seal and opened by the clerk upon order of the commission as required by section 304, O. S. 1931. * * *"

There is no evidence whatever in the record to sustain this statement. The only evidence offered in support of counsel's oral objection to the deposition was that of Mrs. Sopher.

Nowhere does she testify that the deposition in question was opened or that it was not kept under seal and opened upon the order of the commission.

She testified that it was her duty to receive and take care of the mail and put it in the proper file; that as far as she knew the deposition was filed in the regular way, only the receiving stamp was left off; and that it was apparent that it was not handled in the usual way. It would appear from her testimony, therefore, that the only irregularity with reference to receiving the depositions in this case was that the commission's stamp was not placed on the deposition when it was received through the mail. There is no statute which requires the commission to stamp depositions when they are received and filed in a case properly before it. The envelope in which the deposition was mailed to the commission was offered in evidence, from which it will be seen that it was properly addressed to the Industrial Commission with postage prepaid, sent special delivery with the style and number of the case and signed by George W. M. Purcell, county judge, Stephens county, Okla., before whom it was taken. Furthermore, it was postmarked Oklahoma City and stamped received June 19, 10:00 p. m., 1935.

Petitioner next contends:

"When an award has been made under the 'other cases' provision of section 13356, O. S. 1931, which award has been commuted by the Industrial Commission to lump sum payments and the commuted award becomes final. the Industrial Commission is without power to reopen the cause and award further compensation until the term of the award has expired."

Under the reopening statute the commission may, at any time upon finding a change of condition, review its former award and either increase, diminish or end compensation previously awarded. This is provided for in section 13362, O. S. 1931. which is as follows:

"Upon its own motion or upon the application of any party in interest on the ground of a change in conditions, the commission may at any time review any award, and. on such review. may make an award ending, diminishing or increasing the compensation previously awarded. subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the par-

ties a copy of the award. No such review shall effect (sic) such award as regards any money already paid."

This court has held that said section should be liberally construed in favor of an employee. In Noel et al. v. Kozak et al., 148 Okla. 210, 298 P. 298, this court held:

"The statute providing that the commission may review an award at any time on the ground of change in condition should be liberally construed in the interest of the employee, and authorizes the commission to take into consideration all of the conditions which may in any way have a direct bearing on the rights of the injured employee. Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115."

Quoting further from Noel et al. v. Kozak, supra, we find the following language in the first paragraph of the syllabus:

"The power and jurisdiction of the commission over each case shall be continuing, and it may from time to time on the ground of a change in condition make such modifications and changes with respect to former findings and orders relating thereto, if, in its opinion, it may be justified. Section 7325, C. O. S. 1921, as amended by chapter 61, Session Laws 1923."

Only two things are required to be established: First that there was a change of condition; and second, that it resulted from the original accident, as in the cases of Skelton Lead & Zinc Co. v. State Industrial Commission, 100 Okla. 188, 229 P. 255; Patterson Steel Co. v. Bailey, 148 Okla. 153, 298 P. 282, and Oklahoma Railway Co. v. Crabtree, 154 Okla. 196, 7 P. (2d) 477. In none of the cases has the court engrafted any limitation on section 13362. supra, not therein expressly contained. The statute provides that the commission may increase compensation previously awarded upon finding a change of condition at any time. The commission found that claimant, in the case at bar. had, on August 22, 1935, suffered a change of condition that instead of his disability being partial, it had become total, so that he was on said date permanently total'y disabled. Since the change existed on said date, there is nothing in the statute to require the claimant to wait until some other time to establish that fact and secure compensation for the class of disability which then existed.

The award is affirmed.

McNEILL C. J., and BAYLESS, WELCH, and GIBSON. JJ., concur.