2007 OK CIV APP 36

**GRACE HOSPICE OF OKLAHOMA, LLC, and Compsource Oklahoma f/k/a State Insurance Fund, Petitioners,**

v.

**Michael P. BRADLEY and Workers' Compensation Court, Respondents.**

**No. 102,412.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Sept. 5, 2006.

Rehearing Denied Jan. 26, 2007.

Certiorari Denied April 16, 2007.

John N. MacKenzie, MacKenzie & Whitten, Tulsa, OK, for Petitioners.

W.E. Sparks, Tulsa, OK, for Respondent.

JOHN F. REIF, Judge.

¶1 This case concerns an order vacating a joint petition settlement. Claimant agreed to the joint petition at a time when he was not represented. Some seventeen days after the joint petition settlement was approved and filed, Claimant hired counsel who filed a motion to vacate the settlement. The motion did not set forth a reason or grounds for the court to vacate the settlement; however, the argument of Claimant's counsel at the hearing on the motion focused on the stress Claimant was under as the result of his medical and financial situation. Counsel for Employer and Insurance Carrier acknowledged that Claimant was under stress, but emphasized Claimant was competent, informed about the facts and consequences, and afforded extra time by the Court to consider the settlement. At the conclusion of the hearing on the motion to vacate, the trial court concluded "fundamental fairness" supported vacating the joint petition settlement, because Claimant, "as an unrepresented participant, [had] a lot to digest in a short period of time (especially considering his circumstances)." This order was affirmed by a three-judge panel.

¶2 Here on review, Employer and Insurance Carrier argue that the trial court erred in vacating the joint petition settlement, because (1) the trial court lost jurisdiction upon the voluntary satisfaction of the judgment, (2) the trial court's vacation was not an exercise of sound discretion, nor based upon a sufficient cause, and (3) the motion to vacate failed to meet basic due process requirements for notice. Upon review, we find no error in these regards by either the trial court or three-judge panel and, therefore, sustain the order vacating the joint petition settlement.

I.

¶3 Employer and Insurance Carrier point out that Claimant (1) received the payment set forth in the joint petition settlement and (2) signed an acknowledgment and receipt of such payment which was filed the same day

as the joint petition settlement was approved. Employer and Insurance Carrier argue that these circumstances demonstrate a *"voluntarily satisfied judgment* [that] moots" relief by way of appeal or vacation by the trial court, as discussed in *Stites v. Duit Construction Co.*, 1995 OK 69, ¶ 15, 903 P.2d 293. Employer and Insurance Carrier stress that the effect of a voluntarily satisfied judgment is "loss of jurisdiction," because "once a judgment has been paid and fully satisfied according to its terms it becomes extinguished." *Mitchell v. Lindly*, 1960 OK 115, ¶ 12, 351 P.2d 1063, 1067 (citation omitted). While we agree that this rule governs judgments in cases of law and equity, we do not think it can be applied to adjudications by the workers' compensation court and, in particular, approved joint petition settlements.

¶ 4 In reviewing the law pertaining to joint petition settlements and the power of the workers' compensation court to vacate its orders and decisions, we have found three reasons for not applying the voluntarily satisfied judgment rule to joint petition settlements. The first reason is based on the discretionary nature of the decision to approve a joint petition settlement.

¶ 5 "An award made pursuant to the provisions of [85 O.S. § 84 ], differs from any other award made by the [workers' compensation tribunal] in that it is not made as a matter of right upon application of the parties but in exercise of the sound discretion and independent judgment of the [tribunal] after a hearing and after a full and complete investigation into all of the facts and a determination that such action would be for the best interest of all of the parties." *Cavender v. Wofford Drilling Co.*, 1942 OK 97, ¶ 3, 123 P.2d 261, 263 (citation omitted). A timely proceeding to vacate an approved joint petition settlement allows the workers' compensation tribunal to re-examine its exercise of discretion, not "based upon a change in the facts, but [for] a change in opinion regarding the facts involved and the proper conclusion to be drawn therefrom and the award to be made thereon." *Wm. A. Smith Constr. Co. v. Price*, 1936 OK 833, ¶ 12, 63 P.2d 108, 111 (per curiam) (citation omitted).

¶ 6 The second reason is that the legislature has expressly provided for the workers' compensation tribunal to exercise continuing jurisdiction over each case and to make such modifications and changes with respect to former findings or orders as may, in the court's opinion, be justified. 85 O.S. 2001 § 84. The Oklahoma Supreme Court has long recognized that the continuing jurisdiction of the workers' compensation tribunal extends for the period of time provided for seeking review by the appellate courts. *Conrad v. State Industrial Commission*, 1937 OK 675, ¶ 9, 73 P.2d 858, 861 (per curiam). This continuing jurisdiction includes awards made upon joint petitions. *Id.*

¶ 7 The Supreme Court has also said that the right of appeal set forth in the statute authorizing joint petitions reflects legislative intent that "the award should not become final and absolute until the period for [seeking review by the appellate courts] has expired." *Id.* In particular, the court concluded, "until the expiration of the period provided for review[,] an award made upon joint petition can have no greater dignity or solemnity than any other award or decision." *Id.; see also Higley v. Schlessman*, 1956 OK 18, ¶ 14, 292 P.2d 411, 415.

¶ 8 The third reason for not applying the voluntarily satisfied judgment rule to a joint petition settlement is that the Oklahoma Supreme Court initially recognized a finality rule that was analogous to the voluntarily satisfied judgment rule. In the case of *Indian Territory Illuminating Oil Co. v. Ray*, 1931 OK 735, ¶ 14, 5 P.2d 383, 388, the Oklahoma Supreme Court said:

[I]t was the legislative intent to vest the commission with discretion in determining whether or not it should make a final settlement of compensation, and it is clear that, in the event the commission decides it is for the best interest of both parties to said petition that a final award be made and makes an award accordingly, *the same shall be final as to the rights of all parties to the petition,* and that thereafter it shall *not have jurisdiction* over any claim for the same injury or any results arising from same.

The Supreme Court concluded "the State Industrial Commission is without jurisdiction to vacate an award entered [upon] approving a settlement made on joint petition." *Id.* at ¶ 16, 5 P.2d at 388.

¶ 9 In the *Conrad* case, however, the court said the rule in the *Ray* case was limited to proceedings to vacate brought after the time for seeking review by the appellate courts. The Court "has not heretofore directly decided whether an award made pursuant to [the statute authorizing joint petitions] remains subject to any further consideration" by the workers' compensation tribunal within the time for seeking review by the appellate courts. 1937 OK 675, ¶ 8, 73 P.2d at 861. As noted, the *Conrad* case held that the workers' compensation tribunal has continuing jurisdiction to vacate awards based on joint petitions during the period of time allowed for filing an appeal.

■ ¶ 10 In summary, we decline to apply the voluntary satisfaction of judgment rule to joint petition settlements under workers' compensation law given (1) the discretionary nature of the trial court's approval of joint petitions, (2) the express statutory authority for continuing jurisdiction, and (3) the evolution of case law interpreting the finality of joint petitions vis-à-vis continuing jurisdiction. Accordingly, we hold the trial court had jurisdiction to hear and decide Claimant's motion to vacate the joint petition settlement and was not prohibited from doing so because the award had been paid.

## II.

■ ¶ 11 Employer and Insurance Carrier also argue that the trial court erred in vacating the joint petition, because the court did not exercise sound discretion upon good cause shown. This is the general rule applicable to deciding motions to vacate in cases of law and equity under a court's "term-time" power. *Schepp v. Hess*, 1989 OK 28, ¶ 11, 770 P.2d 34, 39.

¶ 12 We likewise decline to apply this general rule in reviewing a decision by a workers' compensation trial judge to vacate a joint petition settlement. We again note that the legislature expressly authorized the workers'

compensation court to exercise continuing jurisdiction to make such modifications or changes to its findings or orders that "in its opinion ... may be *justified.*" 85 O.S.2001 § 84(A) (emphasis added). In addition, the court has a general duty "[to] make such order, decision or award as is proper, just and equitable." 85 O.S.2001 § 3.6(A).

■ ¶ 13 Furthermore, the workers' compensation court may review and modify an order, decision or award based "upon a change in opinion regarding the facts involved and the proper conclusion to be drawn therefrom and the award to be made thereon." *Wm. A. Smith Constr. Co.*, 1936 OK 833, ¶ 12, 63 P.2d at 111 (citation omitted). We understand this to mean that the court may reweigh the evidence and reassess the conclusions it draws from the evidence when reweighed.

■ ¶ 14 Finally, statutes authorizing the workers' compensation tribunal to exercise continuing jurisdiction and to modify awards are to be "liberally construed." *See Noel v. Kozak*, 1931 OK 156, ¶ 0, 298 P. 298 (syllabus 2). In proceedings pursuant to the court's continuing jurisdiction, the court is to consider "all of the conditions which may in any way have a direct bearing on the rights of the injured employee." *Id.*

■ ¶ 15 In proceedings on a motion to vacate pursuant to the court's continuing jurisdiction, the court's review and exercise of discretion is not limited to "good cause shown." The court's review and exercise of discretion extends to reconsideration of all facts and circumstances underlying the decision being reviewed. The court's discretion is to be guided by what is "proper, just and equitable" and whether a modification or change is "justified."

■ ¶ 16 In reviewing the trial court's exercise of discretion under this standard, we cannot say the trial court abused its discretion in vacating the joint petition settlement. It is reasonably clear the trial judge concluded that, when he initially approved the joint petition, he did not properly weigh the "stress" which Claimant experienced and its influence on the Claimant.

### III.

¶ 17 The final complaint by Employer and Insurance Carrier is that Claimant's motion to vacate did not set forth any reason or grounds to vacate the joint petition. They assert they had no notice whatsoever of the issues that the Claimant would present to support vacation or what they should advance in the way of a response or defense. They claim they were denied due process which rendered the hearing on the motion to vacate fundamentally unfair.

¶ 18 It has long been recognized that "the jurisdiction of the [workers' compensation tribunal] to review its awards is not dependent upon the form or substance of the application for such review since, by statute, it may review its awards on its own motion." *Noel*, 1931 OK 156, ¶ 11, 298 P. at 300 (citation omitted). While it is clear that the workers' compensation tribunal cannot modify or vacate an award without notice to the parties and opportunity to be heard, *Snyder v. Smith Welding & Fabrication*, 1986 OK 35, ¶ 5, 746 P.2d 168, 169–70, it is equally clear that neither party is required to plead any particular reason or grounds to have the court reconsider its "opinion regarding the facts involved and the proper conclusion to be drawn therefrom and the award to be made thereon."

¶ 19 In the case at hand, Claimant basically asked the trial court to reweigh the facts surrounding his agreement to the settlement, and to reconsider the court's exercise of discretion in approving the settlement. Counsel for Employer and Insurance Carrier was fully acquainted with the factual setting and Claimant's situation leading up to and culminating in the approval of the joint petition. Counsel for Employer and Insurance Carrier capably argued that Claimant was competent, understood the terms of the settlement, and knew that he could take more time to make his decision. Employer and Insurance Carrier were not at any disadvantage to argue that the court had properly weighed the relevant factors in approving the joint petition and that Claimant's "stress" should not weigh any differently in deciding the motion to vacate. Accordingly, we cannot agree that Employer and Insurance Carrier were denied due process or subjected to a hearing that was fundamentally unfair.[1]

### IV.

¶ 20 We find no error or abuse of discretion as argued by Employer and Insurance Carrier in their appellate briefing. Accordingly, the order vacating the joint petition settlement is SUSTAINED.[2]

RAPP, V.C.J., and GABBARD, P.J., concur.

---

1. In reaching this conclusion, we wish to emphasize that either party who seeks to vacate a joint petition settlement for reasons or grounds that are not apparent from the record of the hearing on the joint petition should give the opposing party advance notice of such reasons or grounds and the substance of the evidence they intend to present at the hearing on the motion to vacate.

2. In his response brief, Claimant contends this is a frivolous appeal and requests an award of attorney fees on appeal. We cannot agree that this was a frivolous appeal.