## CONRAD v. STATE INDUSTRIAL COMMISSION et al.

No. 27838.   Nov. 23, 1937.

John Stanley, for petitioner.

Willingham & Farris, for respondent Helmerich & Payne, Inc.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Commission.

PER CURIAM. This is an original proceeding in this court brought by Frantz C. Conrad, hereafter referred to 'as petitioner, to obtain a review of an award made by the State Industrial Commission on the joint petition of John Rosser and Helmerrich & Payne, Inc., hereafter referred to as claimant and respondent, wherein the fee of the petitioner as attorney for the aforesaid claimant was fixed and approved without notice to him and without an opportunity to be heard thereon.

The record shows that the claimant while in the employ of the respondent, on March 1, 1935, sustained an accidental personal injury which was compensable under the Workmen's Compensation Law. The respondent furnished immediate medical attention and care and continued to furnish the same for a period of approximately two years, and during said time paid to the claimant compensation in the aggregate sum of $1,872 for resulting temporary total disability. Employer's first notice of injury was filed with the State Industrial Commission on March 8, 1935. The petitioner, as attorney for the claimant, on July 27, 1935, filed with the Industrial Commission employee's first notice of injury and claim for compensation. Apparently nothing further was done before the commission until March 4, 1937, at which time the petitioner filed with the commission a notice in which he advised that he had been discharged from the case by his client and that he was claiming a fee for the services which he had rendered. On March 10, 1937, the claimant and respondent appeared before the commission with a

joint petition agreement wherein they recited that they had reached a settlement between themselves which they wanted the commission to approve, and therein they requested that the petitioner be allowed a fee of $75 for his services as attorney for the claimant, and that said sum be paid out of the agreed compensation of the claimant. The petitioner was given no notice of this action on the part of the claimant 'and respondent and was given no opportunity to be heard regarding his fee. The claimant and respondent waived any formal or statutory notice of hearing and the commission proceeded to hear them upon their joint petition without any further notice or delay. The claimant appears to have been the only witness heard by the commission. It appears from his testimony that he was reluctant to fix the petitioner's fee and expressed the wish that such fee be fixed by someone else, but finally in response to a leading question stated that he thought a fee of $75 would be enough. The commission thereupon proceeded to approve the joint petition settlement and therein fixed the petitioner's fee in the sum of $75 and directed payment thereof out of the compensation to be paid to claimant. The petitioner on March 23, 1937, filed a motion requesting the commission to vacate the aforesaid order and award in so far as it attempted to fix his attorney fee and to grant him an opportunity to present evidence in support of his claim. This motion was denied by the commission on March 25, 1937, for the assigned reason that the commission was without further jurisdiction in the premises. Petitioner thereafter filed another application to vacate the award and to be let in to present his claim for attorney's fee, which motion was apparently never acted upon.

We are called upon to review the order and award of March 10, 1937. The questions here presented for determination are: First, Does the petitioner have capacity to maintain this proceeding? Second, Does the order of March 10, 1937, deny the petitioner due process of law? Third, Does the State Industrial Commission have jurisdiction to vacate or modify an award based upon joint petition at any time after the entry of said award? And Fourth, When does the lien for attorney fees provided under section 13364, O. S., 1931, attach? We will consider these matters in their order.

In the case of Burch v. Slick, 167 Okla. 639, 31 P. (2d) 110, this court pointed out that in a proceeding before the State Industrial Commission, a claim for legal services in connection therewith must be submitted to the State Industrial Commission by the party making the claim and must be heard by the commission, and that an award which attempts to provide for attorney fees not sought by the attorney would be vacated, as to such provision. The reason for the rule is apparent. As said in Corbin v. Wilkinson, 175 Okla. 247, 52 P. (2d) 45:

"Claims for legal services rendered in the Industrial Commission in behalf of claimants shall be determined by the commission and paid in the manner fixed by the commission, and such claims cannot be enforced in the courts of this state by independent actions in the trial courts. Sec. 13364, Okla. Stats. 1931."

And as further said in the body of the opinion:

"Whether lawyers receive just or unjust compensation for their services is entirely within the control of the Industrial Commission. Lawyers ought not to be required to donate their talents and their services. They are just as much entitled to justice and fair compensation at the hands of the Industrial Commission as the injured workmen themselves."

Section 13363, O. S. 1931, provides in part as follows:

"The award or decision of the commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within thirty days after a copy of such award or decision has been sent by said commission to the parties affected, an action is commenced in the Supreme Court of the state to review such award or decision."

Since, as has been pointed out above, the State Industrial Commission has exclusive original jurisdiction over attorney fees to be allowed in workmen's compensation cases, it is manifest that the attorney is affected by any award or decision which attempts to fix or approve his fee, since he will therefore be bound thereby if a proceeding to review such award or decision is not commenced in this court within the 30 days provided by section 13363, supra. It will be noted from a reading of the statute above cited that such a proceeding is commenced by filing with the clerk of this court a certified copy of the award or decision of the commission attached to a petition wherein the specifications of error or illegality in the award or decision are pointed out. The proviso relative to the giving of a bond as

prerequisite to a proceeding to review is confined to proceedings brought by an employer or his insurance carrier, in which case the statute expressly requires that the undertaking shall be executed by one or both of said parties. We are of the opinion that under the statute above cited the petitioner has capacity to maintain this proceeding. This right has heretofore been impliedly recognized in the case of Carr v. State Industrial Commission, 157 Okla. 140, 11 P. (2d) 134. and we now unequivocally affirm the right of an attorney to bring a proceeding in this court to obtain a review of an award or decision of the State Industrial Commission when the rights of such attorney are involved therein. A casual examination of the cases of In re Stewart Bros., 53 Okla. 153, 155 P. 1124; In re Assessment of Muskogee Gas & Elec. Co., Muskogee County v. Muskogee Gas & Elec. Co., 83 Okla. 167, 201 P. 358; Fidelity Bldg. & Loan Ass'n v. Newell, 176 Okla. 184, 55 P. (2d) 131. and State ex rel. Hoard v. Ashley, County Treas., 171 Okla. 169, 42 P. (2d) 225, cited by the respondent, will disclose that they differ in principle from the situation here presented.

The right of an attorney to be paid for his services is a valuable one, and he cannot be forced to accept an ex parte award made therefor. Burch v. Slick, supra. On the contrary, the claim for such services in a workmen's compensation case must be submitted to the commission by the party entitled thereto, and if not so submitted cannot be heard by the commission, but when it has been so submitted, then the commission must hear the evidence in support thereof and in opposition thereto, and the commission should show the attorney the same consideration as it accords to the injured workman. See Corbin v. Wilkinson, supra, and Willhoit v. Prairie Oil & Gas Co., 166 Okla. 108, 26 P. (2d) 406. In the award now under review this was not done, but the petitioner was given neither an opportunity to be present nor to offer any evidence in support of his claim, but the action taken by the commission was apparently wholly. ex parte. This constitutes a denial of due process of law guaranteed by section 7, art. 2, of the Constitution, and cannot be countenanced by this court. See Hauschildt v. Collins, 152 Okla. 193, 4 P. (2d) 99; Oklahoma Gas & Electric Co. v. Wilson & Co., 146 Okla. 272, 288 P. 316; Derr v. Weaver, 173 Okla. 140, 47 P. (2d) 573; Muskogee Iron Works v. Bason, 176 Okla. 298, 55 P. (2d) 68.

It appears that the commission declined to entertain the motion of the petitioner to vacate any part of the award of March 10, 1937, for the reason that the said award had been entered upon a joint petition agreement pursuant to the provisions of section 13391, O. S. 1931, which section contains the provision that such award "shall be final as to the rights of all parties to said petition, and thereafter the commission shall not have jurisdiction over any claim for the same injury or any results arising from the same." This court has not heretofore directly decided whether an award made pursuant to the above provision of the statute remains subject to any further consideration by the commission within the 30 days provided by section 13363, supra, for instituting a proceeding in this court to obtain a review of an award or decision of the State Industrial Commission. This court has, however, repeatedly held that after the expiration of the 30 days within which a proceeding to obtain a review might have been instituted in this court, such award is final on every issue, and that thereafter the commission has no jurisdiction to take any action whatsoever in the matter. See Indian Territory Illuminating Oil Co. v. Ray, 153 Okla. 163, 5 P. (2d) 383, wherein the former decisions of this court are reviewed and discussed. In this respect the award made upon a joint petition differs from any other award of the commission which has become final, in that the commission is deprived of any continuing jurisdiction. It will be noted that under section 13391, supra, it is further expressly provided:

"The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the commission."

Manifestly this proviso was intended to mean something, that is, that the award should not become final and absolute until the period for instituting a proceeding to obtain a review thereof in this court as is provided in the case of other awards and decisions under section 13363, supra, had expired. This period is one of 30 days after a copy of the award or decision has been sent to the parties affected. If the award could be made absolute in any less time, then the proviso would be meaningless and the provision for review of awards could be made nugatory by the action of any party who desired to prevent a review. The law does not permit its remedies to be flouted in any such manner. This court has heretofore announced upon numerous

occasions that the State Industrial Commission retains jurisdiction over its orders, awards, and decisions for a period of 30 days after a copy thereof has been sent by the commission to the parties affected thereby. See Graver Corporation v. Cullum, 136 Okla. 209, 277 P. 265; Wm. A. Smith Const. Co. v. Price, 178 Okla. 423, 63 P. (2d) 108; Gypsy Oil Co. v. Roop, 148 Okla. 104, 299 P. 444. We can perceive no valid reason why such rule should not apply to awards made upon joint petitions equally with those otherwise made. The conclusion thus reached is buttressed upon the fact that the law expressly provides that an award made upon a joint petition shall be subject to review by this court the same as any other award or decision of the commission. Therefore, until the expiration of the period provided for review, an award made upon joint petition can have no greater dignity or solemnity than any other award or decision. Thus viewed, it is apparent that the commission was in error when it held that it did not have jurisdiction to vacate any portion of its former award.

There is left for consideration the nature of the lien given an attorney under section 13364. O. S. 1931. This section reads in part as follows:

"Claims for legal services in connection with any claim arising under this act, and claims for services or treatment rendered or supplies furnished pursuant to section 4, of article 2 of this act (13364) shall not be enforceable unless approved by the commission. If so approved such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the commission."

The above-cited provision of the statute was construed by this court in the case of Carr v. State Industrial Commission, supra, and therein it was held:

"A claim of an attorney for legal services in connection with a claim of an injured employee arising under the provisions of the Workmen's Compensation Act is not enforceable against the proceeds of an award made to an injured workman, unless it is approved by the State Industrial Commission. If so approved, such a claim becomes a lien upon the compensation awarded and shall be paid only in the manner fixed by the State Industrial Commission.

"The provisions of section 7298 and section 7306, C. O. S. 1921, prevail over the provisions of section 4100, C. O. S. 1921, and by those provisions an attorney does not have a lien upon the compensation awarded to an injured employee until the claim for legal services has been approved by the State Industrial Commission."

It will be noted from what is said in the above case that the claim for attorney fees constitutes an exception to that portion of the statute which makes the compensation of the workman not subject to liens, claims, or executions, but that such claim must be approved by the commission and paid in the manner directed by it.

In considering the claim of an attorney for fees in a proceeding before it, the commission should not act arbitrarily nor upon an ex parte hearing, but only after an opportunity has been afforded all of the parties interested to be present and to present their evidence in support of, and in opposition to, the claim and to thereupon approve the claim in such amount as may be commensurate to the services rendered by the attorney, at all times having due regard to the rights of both the workman and the attorney. If the services rendered by the attorney have been only nominal, then only a nominal fee should be approved. If, on the other hand, a real contest has been had before the commission, then the fee approved should be commensurate to the work performed and the result obtained. In any event the commission should direct the manner of payment of the fee approved out of the compensation awarded to the injured workman and the lien of the attorney for his fee attaches to the compensation so awarded from and after the order approving his fee and not prior thereto. For the reasons hereinabove pointed out, the award will be vacated in so far as it attempts to fix the attorney fee of the petitioner and the cause will be remanded to the Industrial Commission, with directions to hear the evidence on the claim of petitioner, after due notice given to the claimant and respondent, and to take such further action on the claim of the petitioner as right and justice may require and consistent with the views herein expressed.

Award vacated in part.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.