## HELMERICH & PAYNE, Inc., v. STATE INDUSTRIAL COMMISSION et al.

No. 29161. April 16, 1940.

Rehearing Denied May 14, 1940.

Application for Leave to File Second Petition for Rehearing Denied May 28, 1940.

*102 P. 2d 586.*

Willingham & Fariss, of Oklahoma City, for plaintiff in error

Frantz C. Conrad and John Staley, of Oklahoma City, for defendants in error.

HURST, J. This is an original proceeding to review an order of the State Industrial Commission fixing an attorney's fee under the provisions of section 13364, O. S. 1931. The facts out of which the present controversy arose are set out at length in Conrad v. State Industrial Commission, 181 Okla. 324, 73 P. 2d 858, and need not be restated herein. After the decision in that case the commission,

upon evidence taken at a hearing after due notice, fixed and approved an attorney's fee of $450 to Conrad, making it a lien upon the award, and this proceeding is brought by the employer to review the award. Petitioner makes six contentions, which may be disposed of under three heads.

1. The first contention is that the order allowing the attorney fee was not made in accordance with section 2, art. 2, ch. 72, S. L. 1939, in that it was not made by the commissioner who heard the evidence. No authority is cited supporting this contention, but the construction of this act contended for by petitioner, if correct, would in effect preclude the commission from acting in any matter before it until it had adopted the rules of procedure prescribed in the act. Examination of the act in question discloses no such intent on the part of the Legislature. The order appealed from was made one day after the effective date of the act. Evidence had previously been taken, and while the order was not made by the commissioner who conducted the hearing, the order recites that all the evidence taken was considered by the commission before making it. We do not think that by said act the commission was required to refrain from acting in such case until rules of procedure could be formulated, and new hearings held in conformity thereto, but it was at liberty to proceed in accordance with the rules of practice under which the hearing had been held until the new rules were promulgated. This is indicated by the language of section 4 of the act, which provides that the then members of the commission, "in addition to the powers and duties conferred upon said State Industrial Commission under the laws of this state at the time of the effective date of this act, shall exercise and perform all the powers and duties herein conferred upon the State Industrial Commission during such period as they shall serve as members of the State Industrial Commission." We therefore conclude that the making of the order by the full commission was not a violation of the above act.

2. It is next contended that the order is contrary to our decision in Conrad v. State Industrial Commission, supra, and that in making the order the commission acted arbitrarily, contrary to the law and the evidence, in direct violation of the mandate of this court, and beyond and in excess of the jurisdiction of the commission. The argument seems predicated upon the theory that in the former decision this court held that under section 13364, O. S. 1931, the claim of Conrad was not a lien until it had been approved by the commission, and that it therefore attached only to the compensation remaining unpaid on the date of such approval. Carr v. State Industrial Commission, 157 Okla. 140, 11 P. 2d 134, is also cited in support of the assertion that no lien attached. But we think that the statements in those cases do not render the order of the commission attacked in this proceeding contrary to law. In the Carr Case the attorney made no claim to the commission for a fee. The award was paid to him, and he withheld payment thereof to his client in an effort to force payment of the fee he demanded. The court held that the State Industrial Commission in such case obtained jurisdiction to fix the attorney's fee, where it was to be paid from the proceeds of the award, upon the request of claimant, and that prior to the fixing of the fee the attorney had no lien upon the award. The facts in that case are so unlike the facts in the present case as to render it of little value in solving the problem presented here. In the present case the employer, with notice of the claim of Conrad that he was to be paid a reasonable fee out of the proceeds of the award, settled with the claimant without notice to Conrad, and prevailed upon the commission to fix Conrad's fee without giving him notice or an opportunity to be heard. It then paid the claimant the remainder of the award. Under the law an award does not become final until 30 days after the transmission of copies thereof to the parties affected thereby. When petitioner paid the claimant prior to the expiration of that period, with knowledge of the claim asserted by Conrad, and before a fair determination of that claim, it did

so at its peril. As to Conrad, the award was voidable, and he sought to and did vacate it. Petitioner, as to Conrad, may not take refuge in its own disregard of Conrad's rights. As to Conrad, it will be conclusively presumed t h a t petitioner retained such part of the award as was necessary to pay his fee. Sargent v. McLeod, 209 N. Y. 360, 103 N. E. 164, 52 L. R. A. (N. S.) 380. In such situation, while the claim of Conrad did not ripen into a lien under the statute until the amount thereof had been fixed and approved by the commission, still it was an asserted claim against the fund out of which Conrad was entitled to be paid. It was an inchoate lien, a charge in an amount not fixed, against the particular fund, recognized as such by petitioner when it requested the commission to fix and allow the fee at the time it presented to the commission the settlement agreement, and when it withheld the amount so fixed from the sum paid to the claimant under the settlement agreement. 6 C. J. 790, note 55; 7 C. J. S. 1184, note 98.

Under the attorney's lien law, the lien is not effective, as against a party settling with the attorney's client, unless and until such party has notice, actual or constructive, of the lien claimed. Smith v. Westgate Oil Co., 175 Okla. 573, 53 P. 2d 1090. But if notice is given, the party so settling with notice is not by such settlement absolved from liability for the attorney's fee. Boulding v. Slick, 161 Okla. 189, 17 P. 2d 391. The situation of the petitioner in the present case, while not identical with that of a party settling an ordinary action with notice that lien on his adversary's cause of action and recovery was claimed by the attorney, is in some respects analogous. Petitioner knew that Conrad claimed a fee from the compensation of his client, which would ripen into a statutory lien when fixed by the commission. It was thereby charged with knowledge of this claim against this particular fund, and where with such knowledge it paid the award, it did so at its own risk.

In Clark v. Armstrong & Murphy, 180 Okla. 514, 72 P. 2d 362, this court held that an agreement to pay an attorney's fee out of a particular fund, as against one who took the fund with notice of the agreement, created an equitable lien on the fund. While the present case is not of equitable cognizance, yet this court has held that the Workmen's Compensation Act is to be construed liberally in favor of those entitled to its benefits, in order to effectuate the purposes for which it was enacted. Thompson v. State Industrial Commission, 138 Okla. 166, 280 P. 597; Stasmas v. State Industrial Commission, 80 Okla. 221, 195 P. 762. To give section 13364 the strict construction contended for by petitioner would permit claimants to avail themselves of the services of attorneys, and avoid payment therefor at will, and thus not only tend to defeat the purpose of the act to provide for the preparation and presentation of their claims by able and industrious attorneys, by discouraging such representation, but would use the law as an instrument of injustice. We are unwilling to approve such construction. Instead, in line with the liberal construction which we have heretofore held that the act should receive, we hold that the claim of an attorney for a fee for services rendered a claimant, when asserted, should be protected, and that an employer who with notice of such claim, acting alone or in concert with the claimant, attempts by any plan or method to deprive such attorney of the right to establish his fee, and pursuant to such plan or method pays to the claimant the fund charged with payment of the attorney's fee, may not successfully assert such payment as a defense when thereafter the attorney establishes the amount of his fee as provided by the act, and the amount thereof is approved by the commission. And if there is any statement in Carr v. State Industrial Commission, or in Conrad v. State Industrial Commission, from which an inference may be drawn contrary to the views herein expressed, it is hereby expressly disapproved.

The contentions of the petitioner that the commission was without jurisdiction to direct payment out of an award on joint petition which had been paid under the prior order of the commission, and that the commission was without power

338

to amend or revise such an award, are foreclosed by the decision in Conrad v. State Industrial Commission, supra, vacating the award as to Conrad. If the effect of the subsequent action of the commission amounts to an amendment or revision of the award, it is only as between Conrad and petitioner, and the award as to the claimant is not affected. Any detriment sustained by petitioner was the result of its own act. It may not be heard to complain when it is required to pay a just fee to Conrad that it attempted to deprive him of by ignoring him and settling directly with his client.

In the former appeal the cause was remanded to the commission, with directions to "take such further action on the claim of petitioner as right and justice may require and consistent with the views herein expressed." We think the commission properly followed this mandate. This court did not intend to do a futile thing in remanding the cause for further proceedings. That, however, would be the result, so far as petitioner is concerned, if the attorney's lien could attach only to the $75 actually retained by petitioner.

3. In view of the assertion that the amount of the attorney's fee is not sustained by the evidence, we have examined the evidence adduced by the respective parties upon that question. The evidence was conflicting, and in such case the commission was entitled to the benefit of its own experience in fixing fees. Testerman v. Burt, 143 Okla. 220, 289 P. 315. The commission's award, which amounted to one-third of the amount asked for by Conrad, cannot be said to be contrary to the evidence, or to be arbitrary.

Award sustained.

BAYLESS, C. J., and OSBORN, GIBSON, and DANNER, JJ., concur.