Robert N. WOODARD, Petitioner,

v.

Andrew J. NIPPER, Barbour Drilling Company, a corporation, Employers Liability Assurance Corporation, a corporation, Wise and Liebel, a Law Partnership, composed of Clay Wise and W. E. Liebel and the State Industrial Commission of Oklahoma, Respondents.

No. 36817.

Supreme Court of Oklahoma.

June 7, 1955.

B. H. Carey, Oklahoma City, for petitioner.

Wise & Liebel, Geo. E. Fisher, J. A. O'Toole, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On November 29, 1954, Robert N. Woodard filed a notice of claim for attorney's fee in which he stated that pursuant to the provisions of Rule 16 of the State Industrial Commission of Oklahoma he was claiming an attorney's fee by reason of his employment by and representation of Andrew J. Nipper before said Commission; that he had a contract with Nipper to represent him for twenty per cent of Nipper's recovery; that pursuant to said employment he filed Form No. 3 with the Commission showing himself to be the attorney for Nipper and claimed an attorney's lien; that thereafter for a period of more than two months and until discharged, he represented Nipper as an attorney in said case before the Commission and that he had numerous conferences with his client and with the lawyer and representatives of the respondent and insurance carrier and that he incurred the liability of a doctor's bill in the amount of $35 which had not been paid; that he was discharged by Nipper on July 3, 1954, by letter and he was not paid for his services; that Nipper hired other counsel and that he, Woodard, stood ready at all times to represent the claimant, Nipper but was not permitted to do so and that he was entitled to one-half of the total fee of twenty per cent (20%) of the total award made in favor of his former client and claimant, Nipper, and for the $35 doctor bill.

Following this notice of claim for attorney's fee a complete hearing was held to determine the claim. Thereafter on December 30, 1954, an award was entered for the claimant for $5,600 permanent partial disability. The order with respect to attorney's fee is as follows:

"It is further ordered that the sum of $1060.00 be deducted from the latter end of the award herein made and paid as a fair and reasonable attorney fee, as follows: $900.00 to claimant's attorneys, Wise & Liebel, and $160.00 to Robert N. Woodard, Claimant's for-

mer attorney, to reimburse the said Robert N. Woodard for expenses and work performed for claimant before he was discharged by claimant."

This proceeding is brought to review the order as to Robert N. Woodard. Robert N. Woodard shall be referred to as petitioner, Andrew J. Nipper as claimant and the remaining parties as respondents or by name.

Petitioner testified that he has paid the medical bill above referred to which leaves him $125 for his services as attorney. He insists this is arbitrary and inadequate. He testified that he had eight conferences with claimant after the filing of the claim. A number of letters were written and he testified that he did everything within his knowledge and power to prosecute the claim. Two attorneys testified that the twenty per cent contract should in their opinion be enforced but that if it was not enforced, Woodard should have ten per cent of any amount recovered. No testimony was introduced to dispute the testimony offered by petitioner.

85 O.S.1951 § 30 is in part as follows:

"* * * Claims for legal services in connection with any claim arising under this act, and claims for services or treatment rendered or supplies furnished pursuant to section 4, of article 2 of this act, shall not be enforceable unless approved by the Commission. If so approved such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission."

Rule 16 of the State Industrial Commission provides:

"Where a dispute arises concerning who represents the claimant as attorney in the presentation of a claim, the Commission will decide the matter and allocate fees in accordance with the services rendered. Should any attorney of record be discharged or withdraw his representation of a claimant prior to the submission of the case, such attorney must file a written notice thereof with the Secretary of the Com-

mission and a statement as to the period of time he represented the claimant. The claimant shall likewise upon discharging any attorney of record file a written notice of such discharge with the Secretary of the Commission and a statement as to the period of time such attorney represented him."

In Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858, 859, we stated:

"In considering a claim for attorney's fee in a proceeding before it, the State Industrial Commission should be guided by the evidence concerning the services rendered and should approve such fee as may be just under all of the circumstances and in consonance with right and justice between both the workman and the attorney."

In Helmerich & Payne, Inc., v. State Industrial Commission, 187 Okl. 335, 102 P.2d 586, it is stated that the claim of an attorney for payment for services in behalf of a claimant should be protected. Under 85 O.S.1951 § 30 and Rule 16 above, it was the duty of the State Industrial Commission to allow a reasonable fee under all the circumstances. We do not believe the fee allowed petitioner was reasonable under the foregoing cases. During his testimony he was questioned by the trial commissioner and stated in response to the question that based upon the work done and not upon his contract he was of the opinion that he was entitled to $400. When the same question was put to the expert witnesses they stated that petitioner should be allowed ten per cent of any award. We think the fair and reasonable fee under all of the circumstances is $385 and fix the same as the fee in this proceeding.

The cause is reversed and remanded with directions to the State Industrial Commission to vacate the award insofar as it orders payment of $160 to Robert N. Woodard and enter an award for $385 in his favor.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, BLACKBIRD, and JACKSON, JJ., concur.