STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

David W. TAYLOR, Respondent.

No. SCBD 1556.

Supreme Court of Oklahoma.

April 17, 1956.

Rehearing Denied Oct. 23, 1956.

John Eberle, Clarence McElroy, Chickasha, Harry G. Foreman, Oklahoma City, for complainant.

John G. Hervey, Oklahoma City, for respondent.

PER CURIAM.

This action involves a review by this Court of proceedings instituted by the Executive Council of the Oklahoma Bar Association wherein charges of professional misconduct were filed against the respondent, David W. Taylor, as provided by

the Rules Creating, Controlling and Regulating the Oklahoma Bar Association. The complaint was filed on the 14th day of February, 1956 for a Grievance Committee of District No. 7–A of the Oklahoma Bar Association. A hearing was had before the Grievance Committee, Lynn Adams, Chairman, A. Francis Porta and Howard Davis, members, on April 12, 1955, at which time the Bar Association was represented by its counsel and the respondent by his counsel, and after a full hearing the Grievance Committee by a majority vote found the respondent guilty as charged in Count 2 and recommended that the respondent be suspended from the practice of law in the State of Oklahoma for a period of one year. This matter was referred to the Executive Council of the Oklahoma Bar Association on February 10, 1956, and the majority report of the Grievance Committee was approved by the Executive Council. The Executive Council of the Oklahoma Bar Association filed its report of findings and recommendation in this Court on the 14th day of February, 1956. The respondent has filed both a motion to remand and petition to review. The motion to remand goes to Count 1 and inasmuch as the Grievance Committee made no recommendation on Count 1, and apparently abandoned the prosecution of Count 1, the same will be treated as dismissed and this review will have to do only with Count 2.

Count 2 charged that the respondent in the latter part of the year 1952, while acting as attorney for one Leo Wade in a case pending before the State Industrial Commission of this State, which case was entitled In the Matter of the Death of Velma Pearl Wade (Leo Wade, Claimant v. Paul Huff, d/b/a Pauls Drive Inn, Respondent, the Travelers Insurance Company, Insurance Carrier, No. C–25581), received certain funds which were paid for and on behalf of said Leo Wade on Joint Petition in the above entitled case before the Industrial Commission and did retain as attorney fee more than that which was set by order of the Industrial Commission and that the re-

spondent represented to Leo Wade that in order to make the settlement before the Industrial Commission it would be necessary for him to pay a kick-back to some one whose name was never made known to Leo Wade and that the respondent did pay to his client an amount of money less than was due him under the settlement. All of this conduct was alleged to be contrary to Canons 11, 12 and 32 of the Canons of Ethics of the Oklahoma Bar Association which sections deal with the handling of the client's funds, the fixing of fees and the duty of a lawyer to his client.

It appears from the record that the wife of Leo Wade, Velma Pearl Wade, was employed temporarily by Paul Huff, d/b/a Pauls Drive Inn at Norman. She was taking the place of some young woman who had taken the afternoon off and while employed at this Drive Inn Velma Pearl Wade was run over by an automobile and died as a result of the injuries received. The respondent was employed by Leo Wade to represent him to recover for the death of his wife. There were two minor children, ages one and two years. The respondent prepared a petition in common law action which was never filed and also filed a claim for Wade and the two children under the new death benefit provision of the Workmen's Compensation Law of this State, 85 O.S.1951 § 1 et seq., before the Industrial Commission and after the lapse of some months, the claim before the State Industrial Commission was settled on Joint Petition for $9,700 and the Industrial Commission allowed $1,000 to the respondent for his attorney fee out of the $9,700. The check from the Travelers Insurance Company for $1,000 for the fee and a check for $8,700 to Wade and the children were sent to the respondent. The respondent had advanced to Leo Wade some money while the claim before the Industrial Commission was pending. The exact amount of these advances is in dispute. Also questioned is the sum of $500 which the respondent claimed that he gave Leo Wade in cash when the two checks from the In-

surance Company were deposited to the account of the respondent. It was the respondent's contention that he took twenty per cent of the $9,700 as his fee and also held out the amount of money that was owed to him by Leo Wade. He gave Leo Wade a check for $5,654.72 and held out $4,045.28 for his attorney fee and other claims against Leo Wade. This entire amount taken as a fee has been retained by the attorney. The respondent testified that he advanced to Wade $905 up until the 23rd day of December, 1952, at which time he gave Wade $500. He had also charged a fee to Wade of $250 for representing a friend of Wade's. Wade denied receiving the $500 or agreeing to the fee of $250 with which he was charged. It must be admitted that if the respondent was due all that he charged Wade and the $500 on the 23rd of December, there would only be due him, including the $1,000 fee, $2,405 and he actually took $4,045.28. Wade testified that at the time of his final settlement the respondent gave him a copy of order on Joint Petition which is practically identical with the order on Joint Petition which was actually filed by the Industrial Commission. The copy that was filed by the Industrial Commission provided for $9,700 in a lump sum settlement with $1,000 attorney fee while the copy given Wade provided a lump sum settlement of $7,200 less the sum of $834 as attorney fee. The respondent denied having anything to do with the preparation of the order which set out the $7,200 and $834 attorney fee, but it was quite evident from the testimony that this order was prepared on the typewriter of the respondent.

Respondent thought he had two avenues of recovery for the death of Velma Pearl Wade. He elected together with his client, Leo Wade, to prosecute the claim before the State Industrial Commission. The Commission fixed his fee at $1,000, which it had the right to do and from which order fixing his fee, Taylor did not appeal. This Court has said in Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858:

"The State Industrial Commission has exclusive original jurisdiction over the fees to be allowed attorneys in proceedings before it and when the fee of an attorney is involved in an award he may maintain an independent proceeding in this court to obtain a review of such award in so far as his rights are affected thereby."

We know of no law that permits an attorney to take a greater share of recovery in a case before the Industrial Commission than that allowed by the Industrial Commission if he does not appeal to this Court. It is clear to us that the respondent took a fee far in excess of the $1,000 that was allowed him by the Industrial Commission and that he misled his client as to the amount of money that the client should have been entitled to receive in the settlement.

We have read the record and are of the opinion that the recommendation of the Executive Council of the Oklahoma Bar Association that the respondent be suspended for one year from the practice of law in the State of Oklahoma should be and is hereby approved.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.

BLACKBIRD, J., concurs specially.

BLACKBIRD, Justice (specially concurring).

I agree with the majority of my associates that the record in this case supports a recommendation suspending respondent from the practice of law in this State, but it is my opinion that respondent's suspension for a period of six months, together with a requirement that he pay all of the costs of the case, including the attorney's fees of the Bar Association's counsel, would more nearly accord with justice under the particular circumstances of this case than the one-year suspension approved by the majority.