**Harry JAMES, Attorney, Petitioner,**

v.

**STATE INDUSTRIAL COMMISSION et al., Respondents.**

**No. 37152.**

Supreme Court of Oklahoma.

May 22, 1956.

Harry James, pro se.

Pierce, Mock & Duncan, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On March 23, 1955, Mary Margaret Bowen, claimant herein, filed a claim for compensation against Butler-Sparks Equipment Co. and its insurance carrier wherein she states that on October 6, 1954, while in the employ of Butler-Sparks Equipment Company, she sustained an accidental injury consisting of an injury to her back resulting in some permanent disability to her person. The accident was caused by being tripped by a fellow employee while at work and causing her to fall.

Claimant was paid temporary total compensation from the date of her injury less the five day waiting period until the 3rd day of May 1955.

On the 8th day of June, 1955, the case came on to be heard before trial commissioner for the purpose of determining the

extent, if any, of permanent disability. The trial commissioner at the close of the evidence at that hearing found that claimant was still temporarily totally disabled and in need of further medical attention and ordered that payment for temporary total disability be continued until further order of the Commission, not to exceed 300 weeks.

During all of this time and during the period herein mentioned claimant was represented by her attorney Harry James. It appears however that on the 15th day of June 1955, James received a letter from claimant dismissing him as her attorney and on June 22, 1955, James filed a claim for attorney's fee with the State Industrial Commission and requested that a lien be fixed on compensation awarded claimant to secure the payment of such fee. In his claim for attorney's fee James alleges that he was employed by claimant to represent her in this proceeding; that he entered into an oral contract with her whereby she agreed to pay him 20 per cent of all money recovered as his attorney's fee for his services rendered and after alleging in detail the nature of services rendered by him prays that he be awarded attorney's fee in the sum of 20 per cent of the total amount of compensation recovered by claimant.

On the 31st day of August 1955, claimant, her employer and its insurance carrier entered into a joint petition settlement in which claimant agreed to settle her claim for the sum of $3,300, including an attorney's fee to be fixed and set by the Commission.

The joint petition settlement was thereafter and on September 1, 1955, approved by trial commissioner and claimant was awarded compensation in the sum of $3,300 and James' attorney fee was fixed at $300. The award was sustained on appeal taken by James to the Commission en banc.

James brings the case here to review this award and contends that the attorney fee awarded him by the Commission is wholly inadequate and does not constitute a reason-able fee for the services rendered and that the award in this respect should therefore be vacated. We think there is merit in this contention. James was entitled to be heard on his application for an attorney's fee and was entitled to recover a reasonable fee for his services rendered. 85 O.S.1951 § 30; Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858.

The record discloses that James represented claimant as her attorney throughout all the proceedings up to the 11th day of June 1955, a few weeks prior to the time the joint petition settlement was entered into between the parties, at which time he alleges he was dismissed by claimant. The record further shows that the joint petition settlement was thereafter approved in the absence of James and without notice to him and that claimant was awarded $3,300 compensation and James was awarded $300 as his attorney's fee which is less than ten per cent of the amount recovered.

We are not willing to say in the absence of evidence to the contrary that this constitutes a reasonable fee for the services rendered claimant.

Counsel representing claimant's employer and its insurance carrier in their brief say that if this court is of the opinion that the attorney was not given an opportunity to present his evidence as to the reasonableness of his attorney fee to the Commission the matter should be remanded to the Commission for further testimony pertaining to the reasonableness of the attorney fee. We think this is a proper disposition to be made of the case.

Award as to attorney's fee vacated and the cause remanded to the State Industrial Commission with directions to grant James a hearing on his application for an attorney fee and to award him a reasonable attorney fee for services rendered in accordance with the evidence presented at such hearing.

JOHNSON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD and JACKSON, JJ., concur.