STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

A. D. MASON, Respondent.

S.C.B.D. No. 1891.

Supreme Court of Oklahoma.

April 16, 1963.

962

Robert A. Huffman, Robert W. Langholz, Tulsa, for complainant.

Landrith & McGee, Richard K. McGee, Hudson, Hudson, Wheaton & Kyle, Robert D. Hudson, Green & Feldman, W. E. Green, F. C. Swindell, Tulsa, for respondent.

JOHNSON, Justice.

In 1957, Mrs. A, in a letter to the Oklahoma Bar Association, made certain charges of professional misconduct against respondent, A. D. Mason. After an investigation of the charges, the Bar Association filed a complaint against Mr. Mason, alleging a violation of respondent's oath as an attorney, and a violation of the Canons of Professional Ethics of the American Bar Association, which had been adopted by the Supreme Court of Oklahoma as obligatory upon all attorneys practicing in this state under the Rules Creating, Controlling and Regulating the Oklahoma Bar Association. 5 O.S.1961, page 370. After hearings before Grievance Committee 14–B of the Bar Association, at which respondent appeared with counsel, Mr. Mason was found guilty of over-charging his client, and the Committee made its report to the Executive Council of the Oklahoma Bar Association, with findings of fact and conclusions of law, with recommendation that respondent be reprimanded. Upon consideration of said report, the Executive Council concurred in the finding of guilty, but disagreed as to the disciplinary action recommended. The Executive Council thereafter made its Report of Findings and Recommendation to this court in which it recommended that respondent's license to practice law in this state be suspended indefinitely, with the provision that after one year he should have the right to petition this court to be readmitted to the practice of law upon a show-

ing of compliance with the order, and a showing of good moral character.

The facts are substantially undisputed. Mrs. A had been employed at a grocery store in Tulsa, and was involved in an accident on the job in which she was seriously injured. Thereafter, Mr. Mason agreed to represent her under an oral 50% contingent fee contract. The employer had purchased workmen's compensation insurance covering Mrs. A, thus bringing himself within the estoppel provisions of 85 O.S.1961 § 65.2 et seq.

About a month after the injury, respondent and Mrs. A settled her compensation claim against the employer and insurance carrier upon joint petition for $13,000.00. With regard to the nature of the injury, the joint petition recites that Mrs. A "alleges injuries which rendered her mentally ill." A hearing was had on the joint petition before a Judge of the State Industrial Court in Tulsa, near the end of which the following occurred:

"BY THE COURT: Have you had any agreement on the attorney fee?

"MR. MASON: Yes, sir.

"BY THE COURT: The usual fee?

"MR. MASON: Yes, sir.

"BY THE COURT: One thousand dollars?

"MR. MASON: Yes, sir."

An order on Joint Petition was then entered in which respondent's attorney fee was set at $1,000.00. This order became final in due course, with no petition for review.

A few days thereafter, upon receipt of the insurance carrier's check for $13,000.00, Mr. Mason collected an attorney fee of $6,500.-00, and paid over the balance to Mrs. A.

Mrs. A became dissatisfied with the transaction and conferred with a Tulsa attorney, Mr. D, about it. There were apparently negotiations with regard to restitution at that time, but no settlement was reached. Subsequent to these preliminary negotiations the complaint was received by the Bar Association, which began the investigation required by Article VII of the Rules (5 O.S. 1961, page 366). It is not denied that during the investigation the respondent informed Bar Association investigators that his records showed he had paid Mrs. A $11,870.00. However, he later conceded that this was in error, and that she had actually received only $6,500.00.

After the formal complaint was filed, and while the proceedings were pending before Grievance Committee 14–B, respondent made a compromise settlement of Mrs. A's claim for restitution, paying her $1,450.-00.

In this court, respondent's first proposition is to the general effect that under 5 O.S. 1961 § 7, he had a right to charge Mrs. A a contingent fee of 50%, and, further, that in view of the 1953 amendment of that section, the State Industrial Court's authority to approve attorney fees (under 85 O.S.1961 § 30) has been abridged by the legislature.

The line of reasoning is as follows: (1) said section 7 as it was originally enacted consisted only of the first sentence of the statute as now set out in the code (declaring that "it shall be lawful" for an attorney to enter into contingent fee contracts of not more than 50%, and preserving a lien therefor); (2) thereafter, the legislature enacted 85 O.S.1961 § 30, which provides that claims for legal services in connection with workmen's compensation claims shall not be enforceable unless approved by the Commission; (3) judicial interpretation of Sec. 30 (Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858) clearly established the right of the Commission to limit attorney fees under the section; (4) thereafter, the legislature enacted the 1953 amendment of said section 7, adding thereto a provision that "all such contracts" in personal injury or wrongful death cases, "including, but not restricted to, cases in which jurisdiction is in the State Industrial Commission, shall be void and unenforceable" if procured through the services of a "runner" (corporate or otherwise), or in which a "runner" has a financial interest.

Respondent argues that because of the reference to "all such contracts," and the specific reference to workmen's compensation cases, in the 1953 amendment, the legislature "impliedly showed its disapproval" of the "philosophy" contained in Conrad v. State Industrial Commission, supra. He further argues that since both the 1953 amendment of Section 7, and 85 O.S.1961 § 30, are in derogation of the common law, and are in apparent conflict, this court must strictly construe said sections in favor of respondent.

We do not agree that the statutes are in conflict, or that the rule of strict construction is applicable. The 1953 amendment, and the title of the legislative act containing it (Session Laws of 1953, page 15) clearly reflect that its purpose was to render void and unenforceable *any* contingent fee contract procured through the services of a "runner," or in which a "runner" has a financial interest, regardless of the percentage basis used in determining the amount of the fee.

Also, it is well settled that amendments by implication are not favored (82 C.J.S. Statutes § 252). The 1953 amendment of Sec. 7 does not purport to amend 85 O.S.1961 § 30, and we cannot believe that with Conrad v. State Industrial Commission, supra, and similar cases in mind, the legislature attempted to amend 85 O.S.1961 § 30, in violation of Article 5, Section 57 of the Oklahoma Constitution.

With regard to the rule of strict construction for which respondent contends, he has apparently overlooked 12 O.S.1961, § 2, which provides that all general statutes in derogation of the common law shall be liberally construed to promote their object.

Strictly aside from the question of statutory construction presented, it may be observed that in any event under Canon 13 of the Canons of Professional Ethics, the reasonableness of a contingent fee is always subject to the supervision of a court. 5 O.S. 1961, page 376. The undisputed evidence in this case is that respondent failed to disclose to the Judge of the Industrial Court the substance of his contingent fee arrangement with Mrs. A, but, on the contrary, affirmatively misinformed the judge on that point. Had he made full disclosure and then disagreed with the order subsequently entered with regard to his fee, he would have had the right to maintain an independent proceeding in this court to review the award insofar as his rights were affected. Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858.

The first proposition is therefore without merit.

The second proposition is that both the original complainant (Mrs. A) and the Oklahoma Bar Association are guilty of laches in this case, and that the proceeding should be dismissed because of "staleness of the claim." Respondent concedes that no witnesses are missing but alleges that "the memory of the witnesses as to the exact details which may be pertinent to the defense of this suit are faulty." However, he does not point out the testimony to which he refers and he does not demonstrate that any prejudice has resulted to him. As above noted, the facts in this case are substantially undisputed. Respondent stipulated that (1) he made the contingent fee contract with Mrs. A; (2) the Order on Joint Petition limited his fee to $1,000.00; (3) he collected a fee of $6,500.00. The undisputed evidence is that respondent falsely informed the Judge of the State Industrial Court that he had agreed to a fee of $1,000.00. It is well settled that laches is not mere delay, but delay that works a disadvantage to another. O'Neil v. Vose, 193 Okl. 451, 145 P.2d 411. In this case no apparent disadvantage has resulted to respondent, and the second proposition is therefore without merit.

In his third and fourth propositions, respondent argues generally that this court should follow the recommendation of the Grievance Committee and disregard that of the Executive Council of the Bar Association. He points out that the Grievance Committee had the opportunity to hear and

see the witnesses, and that the Executive Council had no such opportunity. This argument would bear more weight if there had been a disagreement between the Grievance Committee and the Executive Council as to the *facts* in the case. However, there was no such disagreement; the Executive Council adopted the findings of fact of the Grievance Committee without exception.

 We feel that under the facts and circumstances in this case we would not be warranted in following the Executive Council's recommendation of an indefinite suspension. Neither do we think that the facts and circumstances justify following the Grievance Committee's recommendation that respondent merely be reprimanded.

It was incumbent upon respondent to deal fairly with his client and to make full disclosure of the facts to the Judge of the State Industrial Court. This he failed to do, and his conduct has brought discredit upon an honorable profession.

We have carefully considered the recommendation of the Executive Council of the Oklahoma Bar Association and are of the opinion that such recommendation should be affirmed as modified.

It is therefore ordered that the license of the respondent, A. D. Mason, to practice law as a member of the Oklahoma Bar Association be suspended for a period of six months from the date this opinion becomes final, subject to his application for reinstatement under the appropriate rules of the Oklahoma Bar Association.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, DAVISON, IRWIN and BERRY, JJ., concur.

WILLIAMS and JACKSON, JJ., dissent.

JACKSON, Justice (dissenting).

Under the evidence presented I would follow the recommendation of the Executive Council of the Oklahoma Bar Association and would suspend the license of Respondent to practice law as a member of the Oklahoma Bar Association indefinitely, and would authorize a petition for re-admission to the practice of law after the expiration of one year and upon a showing of good moral character. To the extent that the majority opinion fails to do so I must, and do, respectfully dissent.

I am authorized to state that Mr. Justice BEN T. WILLIAMS concurs with the views herein expressed.