2001 OK CIV APP 17

### Charles E. PAYNE, Petitioner,

v.

### Terry L. ARCHER; Suites Enterprises, d/b/a Suites Drilling Co.; Select Insurance Co., and The Workers' Compensation Court, Respondents.

**No. 93,908.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 26, 2000.

Certiorari Denied Jan. 23, 2001.

---

Michael J. Harkey, Oklahoma City, OK, for Petitioner.

Bob Burke, Oklahoma City, OK, for Respondents.

*OPINION*

COLBERT, J.

¶ 1 Charles Payne seeks review of an order of the three-judge panel affirming the trial court's denial of his request for an attorney fee for work done after his client's adjudication as permanently, totally disabled. The issue on review is whether the award Payne seeks is authorized by the statute in effect at the time of his client's injury. We conclude that such an award is authorized, reverse the panel's decision, and remand for the determination of a proper attorney fee.

■ ¶ 2 Claimant, Terry L. Archer, suffered an accidental injury arising out of and in the course of his employment on February 15, 1988. He filed a claim for workers' compensation benefits and was adjudicated permanently, totally disabled on July 3, 1991. The trial court identified Payne as Claimant's attorney and set the attorney fee at $21,300, the maximum amount allowed under 85 O.S. 1981 § 30, the statute in effect at the time of Claimant's injury.[1] At the time leading up to Claimant's initial adjudication, Payne was associated with the firm of J. Clark Russell, but left the firm on July 1, 1991.

¶ 3 Subsequently, Claimant contacted Payne for help in obtaining payments for medical expenses from Employer, Suites Enterprises, and its insurer. For the next eight years, Payne represented Claimant in obtaining payment from Employer for ongoing medical expenses. The relationship between the parties was acrimonious, requiring a substantial outlay of Payne's time, allegedly in excess of 500 hours.

¶ 4 Claimant ultimately became dissatisfied with Payne's representation during settlement negotiations and discharged him. Claimant's new counsel filed an appearance on February 18, 1999, and negotiated a settlement on Claimant's behalf. The settlement provided that Employer would pay Claimant $250,000 and bear no further responsibility for Claimant's medical care. The settlement was formalized in a joint petition,

submitted to the trial court, and approved on April 14, 1999.

¶ 5 The trial court then held a hearing on Payne's outstanding claim for an attorney fee of $75,000. Payne testified that the fee awarded in 1991 was paid to the J. Clark Russell firm and that he never received any fee for working on Claimant's behalf. The court found that the 1991 attorney fee was awarded to Payne, not his employer, and was "for all legal services rendered in connection with the Court's finding of permanent total disability status ... regardless whether said services were rendered before or after the July 3, 1991 order." The court further found that the fee already awarded was the maximum allowable under section 30 and that Payne was not entitled to any additional fee on a quantum meruit basis for his work toward the settlement. Payne appealed to the panel, which modified and affirmed the trial court's order, changing it only to release the uncontested amount of the settlement to Claimant immediately. Payne now seeks this court's review of the three-judge panel's order.

■ ¶ 6 The workers' compensation court has exclusive jurisdiction to determine the proper award of an attorney fee. *Peabody Galion Corp. v. Kropp*, 1983 OK 13, ¶ 9, 658 P.2d 1155, 1157. It is authorized to grant such an award by 85 O.S.1981 § 30(C), which reads in relevant part:

> A claim for legal services shall be determined by the Court on a quantum meruit basis. 1. A claim for legal services in contested temporary disability cases shall not exceed ten percent (10%) of the amount of the award for temporary disability.... 2. A claim for legal services shall not exceed twenty percent (20%) of the amount of the award for permanent disability or death benefits.

Generally, the workers' compensation court's denial of a request for an attorney fee is reviewed for abuse of discretion. *Bond v. Fox Bldg. Supply*, 1992 OK 19, ¶ 5, 826 P.2d 599, 601. In this instance, however, Payne

---

1. The award of an attorney fee in a workers' compensation claim is a matter of substance, not procedure, and is governed by the statute in effect at the time of the injury. *Burr v. Snitker*, 1993 OK CIV APP 163, ¶ 5, 865 P.2d 1258, 1259–60 (overruled on other grounds by *Special Indemnity Fund v. Weber*, 1995 OK 43, 895 P.2d 292).

argues that the court incorrectly interpreted the statute. This presents a question of law, which we review de novo. *State, ex rel. Dep't of Human Serv. v. Baggett*, 1999 OK 68, ¶ 4, 990 P.2d 235, 238. Under this standard, we have "plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings." *Id.*

¶ 7 The goal of statutory construction is to ascertain and apply the legislature's intent; if that intent is clear, no additional rules of construction are necessary. *Bruner v. Sobel*, 1998 OK 60, ¶ 9, 961 P.2d 815, 817. Section 30 generally provides "[a] claim for legal services shall be determined by the court on a quantum meruit basis...." This general provision is followed by specific limitations and directions for payment of claims for legal services for awards for temporary total disability, permanent disability, or death. These specific requirements on claims for legal services where such awards are entered, however, cannot be read as a restriction on claims for legal services for other representation. The relevant portion of section 30 that addresses "claims for legal services" reveals a legislative intent that *all* claims for *all legal services* be determined on a quantum meruit basis, except that any compensation for legal services in obtaining benefits for temporary total disability, permanent disability, or death, cannot exceed the statutory limits.

¶ 8 The supreme court has long recognized that "[t]he right of an attorney to be paid for his services is a valuable one." *Conrad v. State Indus. Comm'n*, 1937 OK 675, ¶ 7, 73 P.2d 858, 860, 181 Okla. 324. Moreover, "[l]awyers ought not to be required to donate their talents and their services. They are just as much entitled to justice and fair compensation ... as the injured [claimants] themselves." *Id.* ¶ 4, 73 P.2d at 860. The workers' compensation court has a duty to approve a claim "in such amount as may be commensurate to the services rendered by the attorney." *Id.* ¶ 15, 73 P.2d at 862.

¶ 9 In two early cases where attorneys were discharged by clients who later accepted settlements of their workers' compensation claims, the supreme court held that the attorneys were entitled to a reasonable fee for services rendered under the circumstances. *James v. State Indus. Comm'n*, 1956 OK 166, ¶ 7, 297 P.2d 1092, 1093; *Woodard v. Nipper*, 1955 OK 172, ¶ 8, 285 P.2d 208, 210. Significantly, the definition of quantum meruit is the "reasonable value of services." Black's Law Dictionary 1255 (7th ed.1999). It appears to this court that the Oklahoma legislature codified the case law basis for attorney compensation when it amended section 30 in 1977 to provide that awards for legal services should be made on a quantum meruit basis.

¶ 10 Two recent cases address the award of attorney fees in workers' compensation proceedings which do not result in an award for temporary disability, permanent disability, or death. In *Special Indemnity Fund v. Cole*, 1992 OK 104, ¶ 21, 834 P.2d 959, 963, the award included fees "associated with the post-appeal proceeding necessary in the collection of the benefits awarded the claimant." In *Solo Cup Co. v. Brown*, 1982 OK CIV APP 28, ¶ 22, 660 P.2d 655, 659, the court held that an award of an attorney fee was proper for prosecuting a motion for rehabilitation. Although both of these cases involve a situation in which the attorney fee was assessed against the party who withheld benefits from the claimant, they support the right of an attorney to be compensated for services *to enforce a prior award.*

¶ 11 In this case, not only did the attorney expend significant time and effort in enforcing a prior award, he was involved in the initial efforts to reach a settlement as to all future claims by Claimant. The settlement between Claimant and Employer resolved *all* potential claims that Claimant might reasonably assert against Employer, such as a claim for unreasonable denial of benefits. The principles from *City of Purcell v. Wilbanks*, 1998 OK CIV APP 170, 968 P.2d 352, and *Oklahoma Department of Transportation v. Barnes*, 1991 OK CIV APP 61, 818 P.2d 923, provide guidance in such a circumstance.

¶ 12 Both *Wilbanks* and *Barnes* addressed challenges to an award of an attorney fee in connection with an award for permanent total disability obtained after an initial award for permanent partial disability. The em-

ployers in both cases challenged the award of a 20% attorney fee in the permanent total award because the claimant's attorney had already received a 20% fee in the earlier permanent partial award. The employers asserted that the combined amount of the fee awards exceeded 20% of the permanent total disability award in each case and contended that the awards should be combined for a maximum total fee of 20%, just as the amount of permanent partial disability was combined with a subsequent disability to lead to a finding of permanent total disability.

¶ 13 The *Wilbanks* court, citing *Barnes,* rejected this challenge because "the fees awarded in the original PPD case and those awarded in the PTD case represent *fees earned* in each case . . . *for services rendered* in each of those cases." *Wilbanks,* 1998 OK CIV APP 170, ¶ 11, 968 P.2d at 355–56 (emphasis added). In *Barnes,* the court had also stated, "[s]uch attorney fees are fees which have been earned for services rendered. It is not in the nature of a prepayment." *Barnes,* 1991 OK CIV APP 61, ¶ 7, 818 P.2d at 925.

¶ 14 Applying these principles here leads us to conclude that any attorney fee, for services rendered to obtain Claimant's permanent total award, was not prepayment for post-award services required to enforce the award or to reach a settlement concerning payment and performance in lieu of the award. An attorney is entitled to be compensated for the reasonable value of post-award services he has rendered to enforce the award and to effect a subsequent settlement in lieu of performance of the award. Where a claimant discharges the attorney before effecting the settlement, the workers' compensation court has a duty to hear the attorney's claim for a fee and to determine the quantum meruit, or reasonable value thereof, and to provide for payment from the settlement.

¶ 15 REVERSED AND REMANDED.

¶ 16 RAPP, P.J., and REIF, J. (sitting by designation), concur.